## PRATT v. McKEE et al.

(Supreme Court, Appellate Division, Second Department. December 10, 1909.)

1. MASTER AND SERVANT (§ 182*)—INJURY TO SERVANT—"SUPERINTENDENCE."

A servant, required to see that the instructions of the superintendent as to the manner of doing the structural iron work on a building were carried out and to assist in the performance of the work, was not engaged in an act of "superintendence" while assisting in moving a derrick after the superintendent had instructed him as to the manner of doing the work; and a fellow servant, injured by such servant's negligence in doing the work, could not recover, under the employer's liability act (Laws 1902, p. 1748, c. 600).

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 371, 372; Dec. Dig. § 182.*

For other definitions, see Words and Phrases, vol. 7, pp. 6791, 6792.]

2. MASTER AND SERVANT (§ 174*)—INJURY TO SERVANT—NEGLIGENCE—INCOMPETENT EMPLOYÉS.

A person who by years of faithful service has shown himself trustworthy and competent is not proved incompetent by a single act of forgetfulness and omission to exercise the proper degree of caution.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 347, 348; Dec. Dig. § 174.*]

3. MASTER AND SERVANT (§ 271*)—INJURY TO SERVANT—NEGLIGENCE—INCOMPETENT EMPLOYÉS.

Where, in an action for injuries to a servant by the fall of a derrick, alleged to have been caused by the negligence of the master in employing incompetent fellow servants in performing the work, there was evidence that the derrick had previously fallen when a fellow servant, required to see that the instructions of the superintendent were carried out and to assist in the work, was present, evidence of the circumstances connected with the previous fall, together with the fellow servant's acts in connection therewith, was admissible on the issue of the competency of the fellow servant.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 928–931; Dec. Dig. § 271.*]

Appeal from Trial Term, Kings County.

Action by Michael Pratt against Henry D. McKee and others. From a judgment for defendants, plaintiff appeals. Reversed and remanded.

───────────

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before WOODWARD, JENKS, BURR, RICH, and MIL-
LER, JJ.

Frederick N. Van Zandt, for appellant.
G. Glenn Worden, for respondents.

BURR, J.  The plaintiff was in the employ of the defendants, and
was injured under the following circumstances: The defendants were
engaged in doing the structural iron work on a building at the corner
of Flushing and Kent avenues, in the borough of Brooklyn.  The
plaintiff was an experienced workman, had been employed as an iron
worker for about 10 years, had seen derricks moved and booms shift-
ed, and understood and knew just how the work should be done.
Charles Smith was defendants' superintendent.  Albert Erdt was
what is known as a "pusher."  Smith gave instructions as to how the
work was to be done, and Erdt's duty was to see that his instructions
were carried out, and he assisted in the performance of the work.
The derrick upon which plaintiff was injured was supported by three
guy ropes in the rear, one on either side and one in front.  The boom
was so long in relation to the mast that when it was necessary to shift
it from one side of the work to the other it would not pass under the
guy rope in front, and it became necessary to loosen this, and pass
it under the boom, and bring it up on the other side.  Smith told Erdt,
in the presence of all of the men of the gang, including the plaintiff,
to take the guy rope from the derrick on the front side and swing the
boom around.  He particularly instructed him to fasten the boom
down before taking the guys off.  This was deemed necessary be-
cause, if the boom was not fastened and the strain of the guy in front
were taken from the derrick, the guys at the back of the mast pulling
upon it were likely to overthrow it.  After these instructions had been
given, Smith went away.  The front guy rope was loosened; but the
boom was not fastened to anything, as he directed that it should be.
In consequence of that the derrick fell over backward and the plain-
tiff was hurt.

The action was brought under the employer's liability act (Laws
1902, p. 1748, c. 600).  The learned trial judge sustained an objection
to the admission in evidence of the notice given under the said act,
on the ground that it was insufficient for failing to state the cause of
the injury.  If he was in error in this respect, and the notice should
have been admitted, no different result would follow.  Erdt was not
a superintendent, nor exercising an act of superintendence, at the
time that the derrick fell.  Fastening down the boom was a mere
detail of the work.  Gallagher v. Newman, 190 N. Y. 444, 83 N. E.
480, 16 L. R. A. (N. S.) 146; Cashman v. Chase, 156 Mass. 342, 31 N.
E. 4; Flynn v. Boston Electric Light Co., 171 Mass. 395, 50 N. E.
937; Joseph v. George C. Whitney Co., 177 Mass. 176, 58 N. E. 639.

Toward the close of the case the plaintiff raised the question that,
irrespective of the provisions of the employer's liability act, a com-
mon-law action was made out for failure on the part of the defend-
ants to provide competent fellow servants.  No such ground of neg-
ligence was specifically set forth in the complaint; but there was an

allegation to the effect that the plaintiff was "ordered to the top of the boom of said derrick for the purpose of assisting in changing the front guy rope of said derrick from one side of the boom to the other; that while plaintiff was at the top of said mast, assisting in changing said front guy rope from one side of the boom to the other, said derrick fell, and plaintiff was precipitated to the floor of the building." There is a further allegation that "the fall of said derrick * * * was due solely to the negligence of the defendants." This complaint was amplified by a bill of particulars, which, among other things, specified that the derrick was not properly secured while said operation was going on, and that defendants employed incompetent servants to perform the said work.

If, therefore, there was any evidence to sustain a charge of negligence for employing incompetent servants, or if such evidence was offered and erroneously excluded, it would be error which would require a reversal of the judgment of nonsuit in this case. It appeared that, a few days before, the same derrick had fallen, and that at that time Erdt, the pusher of the gang, was present. There was some evidence that on the day of the previous accident the rigging of the guy ropes was somewhat different, so far as the front of the derrick was concerned. A witness was asked this question:

"On the occasion of the first accident, just before the fall of the derrick, what did you see Mr. Erdt do?"

This was objected to, the objection was sustained, and an exception taken. Another witness, who testified that he was present about a week before, when the derrick fell over, was asked whether the guy ropes were fastened on the day of the first accident. That was objected to, and the objection sustained. He was also asked, on the occasion when the derrick fell the first time:

"What did you see, or did you see Mr. Erdt doing anything, just before the derrick fell?"

That was objected to, the objection was sustained, and an exception taken. He was then asked this question:

"Was the boom loosened, was the support of the boom to the derrick removed, just before the first accident, by anybody?"

There was the same objection, the same ruling, and an exception. At the close of the case the plaintiff asked to go to the jury on the question of the negligence of the master in employing an incompetent fellow servant.

Although it does not clearly appear from this evidence that any act or omission of Erdt was responsible for the fall of the derrick on the first occasion, we think that the plaintiff should have been permitted to show all the circumstances connected with the happening of that accident. Even if it appeared that on that occasion it was Erdt's duty to fasten the boom down before loosening the guy ropes, that he omitted to do so, and that in consequence thereof the derrick fell, this would not necessarily establish his incompetency. "An individual, who by years of faithful service has shown himself trustworthy, vigi-

lant, and competent, is not disqualified for further employment, and proved either incompetent or careless, and not trustworthy, by a single mistake or act of ·forgetfulness and omission to exercise the highest degree of caution and presence of mind.    The fact would only show, what must be true of every human being, that the individual was capable of an act.of negligence, forgetfulness, or error of judgment." Baulec v. New York & Harlem R. R. Co., 59 N. Y. 356, on page 363, 17 Am. Rep. 325; Cameron v. N. Y. C. & H. R. R. R. Co., 77 Hun, 519, 28 N. Y. Supp. 898, reversed upon another point, 145 N. Y. 400, 40 N. E. 1.

We express no opinion as to the question whether a single act of negligence upon Erdt's part would be sufficient to establish his incompetency.    It may depend somewhat upon the character of the act. We think that in this case all of the testimony regarding the circum-·stances surrounding the happening of the previous accident should have been admitted in evidence, and it would then have become a question of fact for the jury, or, it may be, of law for the court, to determine whether such evidence established such incompetency.

We think that the judgment of nonsuit in this case should be reversed, and a new trial granted; costs to abide the event.    All concur.