MARY FINNIGAN, as Administratrix of the Estate of JAMES
FINNIGAN, Deceased, Appellant, *v.* NEW YORK CONTRACTING
COMPANY, Respondent.

*Employers' Liability Act* — *notice of cause of injury to employee*
— *purpose and character of notice.*

The Employers' Liability Act (L. 1902, ch. 600) creates a new cause of
action, and the legislature had the right to limit recoveries to cases in
which preliminary notices of claim were served. It is the duty of the
court to construe the requirements for a notice fairly and reasonably,
having in mind the intention of the legislature and the rights of the
parties to be affected by the notice.

Notice in stating the cause of the injury should, with reasonable definite-
ness and completeness, in however informal and inartistic manner, indi-
cate the negligent or wrongful misconduct of the employer really
claimed to have been the cause of the accident and really relied on as the
basis of the complaint against him, that he may by virtue of such
seasonable notice investigate and prepare to defend against the charge
thereafter actually to be prosecuted.

An entire failure to give substantial information required by the statute
cannot be overlooked on the theory of knowledge acquired, or which
might have been acquired, by the employer in some other way.

Plaintiff's notice was in the following form: "That the injuries were
* * * caused * * * solely by reason of your negligence, in that you,
as his master, failed to furnish him with a suitable and safe place to
work, and failed to safeguard said place in which deceased was directed
to work, and failed to furnish him with suitable tools, appliances, appa-
ratus, ways, works and machinery in connection with the work which
deceased was obliged to do, and in that you failed to properly inspect,
guard and protect the place where he was at work, and in that you
failed to furnish him with competent foremen and co-employees, and in
that you failed to formulate, promulgate and enforce proper rules and
regulations for the safety of the deceased and his co-employees in the
performance of their duties." *Held,* although it was conceded that
there was no intention to deceive, the notice does not comply with the
statute. *First.* By reason of the number of independent grounds of
negligence stated, and not in any manner actually relied on, it fails to
apprise the employer of the one relied upon. *Second.* There is no state-
ment which fairly and completely described the cause of the accident,
as disclosed by the facts.

*Finnigan* v. *N. Y. Contracting Co.,* 126 App. Div. 947, affirmed.

(Argued January 14, 1909; decided February 9, 1909.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered August 18, 1908, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*John C. Robinson* and *Thomas J. O'Neill* for appellant. The notice under the Employers' Liability Act was sufficient, because it correctly described the failure of the defendant to inspect as the cause of the accident. (*Ortolano* v. *D. C. Co.*, 104 N. Y. Supp. 1064; *Darry* v. *D. D. Co.*, 121 App. Div. 10; *O'Donnell* v. *Parker*, 109 N. Y. Supp. 875; *Sheehy* v. *City of New York*, 160 N. Y. 139; *Missano* v. *Mayor, etc.*, 160 N. Y. 123; *Blount* v. *City of Troy*, 110 App. Div. 609.) Any defect in the notice was cured by the defendant's admission that in sending the notice the plaintiff had no intention to deceive, and that the defendant's foreman, Sullivan, was present at the scene of the accident a few minutes after it happened, and, therefore, the defendant knew and could not be deceived as to the cause of the accident. (*Heffron* v. *L. Steel Co.*, 105 N. Y. Supp. 435.)

*John Conway Toole* and *James A. Deering* for respondent. The notice served herein is not sufficient to bring the claim under the Employers' Liability Act (L. 1902, ch. 600), as it does not state the " cause " of the accident on which the claim is based. (*Gmaehle* v. *Rosenberg*, 178 N. Y. 151; *Harris* v. *B. M. & S. W. Co.*, 188 N. Y. 144; *Guilmartin* v. *S. P. Co.*, 189 N. Y. 494; *Bori* v. *Hess*, 123 App. Div. 389; *Fitzgerald* v. *Quann*, 109 N. Y. 441; *Sheehy* v. *City of New York*, 160 N. Y. 139; *Ortolano* v. *D. C. Co.*, 120 App. Div. 61; *Barry* v. *D. D. Co.*, 121 App. Div. 810.)

HISCOCK, J. Plaintiff's intestate was killed while engaged in the discharge of his duties as an employee of the defend-

ant. The latter was carrying on a contract which required the removal of rock by means of drilling and blasting. On one occasion one of a series of several charges of dynamite placed in a corresponding series of holes did not explode as it was intended it should. Thereafter, through the negligence of defendant's superintendent, as alleged, this unexploded charge was not discovered and removed, and intestate, being ignorant of the situation, was placed at work near the same where he was liable to and did accidentally cause its explosion.

This action was brought to recover damages for his death under the Employers' Liability Act (L. 1902, chap. 600), and the only question which we deem it necessary to consider relates to the sufficiency of the notice of claim which was served.

Said act, section 2, provides: "No action for recovery of compensation for injury or death under this act shall be maintained unless notice of the time, place and cause of the injury is given to the employer within one hundred and twenty days * * * but no notice under the provisions of this section shall be deemed to be invalid or insufficient solely by reason of any inaccuracy in stating the time, place or cause of the injury if it be shown that there was no intention to mislead and that the party entitled to notice was not in fact misled thereby."

The notice, which was served in attempted compliance with this provision, so far as material, reads as follows: "Sirs: You are hereby notified that, on February 28th, 1906, in the morning of that day, that James Finnigan, then in your employ, received injuries from which he died on said day. That the injuries were * * * caused * * * solely by reason of your negligence, in that you, as his master, failed to furnish him with a suitable and safe place to work, and failed to safeguard said place in which deceased was directed to work, and failed to furnish him with suitable tools, appliances, apparatus, ways, works and machinery in connection with the work which deceased was obliged to do, and in that you failed to properly inspect, guard and protect the place where he was at work, and in that you failed to furnish him

with competent foremen and co-employees, and in that you failed to formulate, promulgate and enforce proper rules and regulations for the safety of the deceased and his co-employees in the performance of their duties."

It was conceded on the trial on behalf of defendant " that in sending said alleged notice   *   *   *   the plaintiff had no intention to deceive," and further, that the defendant's foreman " was present at the scene of the accident a few minutes after it happened."

No criticism is made of the notice so far as its statement of time and place is concerned, but it is urged that it is entirely insufficient and inadequate so far as it purports to state the cause of the injury to intestate and we think this criticism must be sustained.

As we have had occasion to say in prior actions, this statute practically creates a new cause of action, and the legislature had a perfect right if it so desired to limit recoveries to cases in which preliminary notices of claim had been served. Under these circumstances it is our duty to construe the requirements for a notice fairly and reasonably, having in mind the intention of the legislature and the rights of the respective parties to be affected by the notice. We have no idea that the legislature intended to require a notice of such technical form and perfection that it would satisfy the tests to be applied to a pleading and demand a skill in preparation which would be entirely beyond the capacity of a layman. Such construction would tend to defeat the purposes of the statute and it should not be adopted. On the other hand, we have no doubt that the legislature intended that the notice in stating the cause of the injury should with reasonable definiteness and completeness, in however informal and inartistic manner, indicate the negligent or wrongful misconduct of the employer really claimed to have been the cause of the accident and really relied on as the basis of the complaint against him, and this manifestly that he might by virtue of said seasonable notice investigate and prepare to defend against the charge thereafter actually to be prosecuted.

It seems obvious that the notice which has been served as a foundation for this action does not comply with these principles in its statement of the cause of the injury.

In the first place, it states many independent grounds of negligence all of which could not within any reasonable probability be applicable to a single accident, with nothing to apprise the employer of the one which was really relied upon. Of course there might very well be an accident attributable to two or more causes, or a claimant at the time of serving notice might justifiably believe that there was a cause of the accident, which, however, on the trial he might fail to establish, and the notice should not be held invalid because it contained a statement of plural causes thus actually existing or really believed to exist even though some one was not established. But in this case there has been no pretense either on the trial or on the argument of this appeal that many of the alleged grounds of negligence either existed or were ever believed to exist. If this form of notice is good then there is no reason why printed blanks should not be prepared and used setting forth all the known grounds of negligence on the part of an employer, some few spaces being left for details of names, dates and places appropriate to each claim.

In the next place, even if we should assume that the claimant was entitled thus to serve a notice setting forth many grounds of negligence on some of which he did not intend to rely, and then in the end select the one which he thought was applicable, we think that there was no statement which fairly and completely described the cause of the accident which killed plaintiff's intestate as disclosed by the facts. We have already stated the precise nature of the accident and it is not necessary to recapitulate the details thereof.

On the argument before us the plaintiff's counsel seemed especially to rely on the failure to properly inspect the place where intestate was placed at work, but it is clear that the statement of failure " to properly inspect, guard and protect the place where he (intestate) was at work," does not fairly describe or include what was the underlying cause of the

accident, namely, the act of the defendant in allowing an unexploded charge of dynamite to remain in the rocks near where intestate was placed at work.

Assuming, as we do at this point, that knowledge by the employer of the charge against him must be drawn from the notice itself, it is evident that a mere allegation of failure to inspect, guard and protect a place of work would not reasonably indicate what the real, producing trouble in this case was as distinguished from many others which might have existed.  And precisely the same argument demonstrates the insufficiency of the other somewhat kindred statement that the defendant failed to furnish " a suitable and safe place to work."

It remains to consider two special arguments by which counsel attempts to maintain the sufficiency of the notice.

He calls attention to the concession that there was no intention to mislead the defendant and to the provision of the statute that no notice shall be deemed insufficient by reason of any " inaccuracy " in stating the cause of the injury.  This saving clause would save a notice which, as specified, was merely inaccurate in giving some detail contemplated by the statute.  For instance, if this notice being otherwise sufficient had stated that the injury was caused by the explosion of a charge of powder instead of dynamite, we should have no trouble in determining under all of the circumstances that that was an inaccuracy within the meaning of the statute which did not invalidate the notice.  But, on the other hand, it seems to be equally reasonable and clear that " inaccuracy " does not mean or excuse an utter omission to state some substantial fact such as we have here where the notice has not erroneously substituted powder for dynamite, but has wholly failed to mention the agency of either in connection with the accident.

In the next place our attention is called to the fact that the foreman of the defendant reached the place of accident immediately after the latter occurred, and, therefore, he, and through him the defendant, must have had knowledge of

what was the trouble, and, therefore, there should not be a failure of the cause of action because of a deficiency of the notice. This contention takes us directly to the question whether, when the statute requires a notice to be given of such a claim as is involved here, the requirements of the statute may be dispensed with provided a court may find that the party entitled to the notice either acquired, or might have acquired through other means, the information intended to be given by the notice. It is not necessary to say in this case that actual knowledge possessed by an employer of the nature of a claim under the Employers' Liability Act might not under any circumstances be given any weight in construing a notice. It is enough to say here that in our judgment an entire failure to give substantial information required by the statute cannot be overlooked on the theory of knowledge acquired by the employer in some other way. It seems to us that in this respect the requirements of the statute are not less exacting and obligatory than are the provisions of the statute requiring service of notice of claim against a municipal corporation specifying the time and place at which the injuries were received, and in the case of which statute we have recently held that a notice deficient in terms could not be pieced out by information which the authorities might possibly have been able to acquire, notwithstanding the deficiencies of the notice itself. (*Purdy* v. *City of New York*, 193 N. Y. 521.)

Under these circumstances we think the judgment must be affirmed, with costs.

CULLEN, Ch. J., GRAY, EDWARD T. BARTLETT, HAIGHT, VANN and WERNER, JJ., concur.

Judgment affirmed.