FRANK LOGERTO, Respondent, *v.* CENTRAL BUILDING COMPANY, Appellant.

**Employers' Liability Act** — purpose of provision requiring service of notice of injury, as condition precedent to action — insufficiency of such a notice — when evidence is insufficient to sustain cause of action under the statute, judgment cannot be supported upon ground that cause of action at common law has been established.

The object of the legislature in requiring the service of a notice as a condition precedent to the enforcement of the increased liability it had imposed on the master by the Employers' Liability Act (Laws of 1902, chap. 600) is, that the master should be apprised of the accident

within a reasonable time after its occurrence, so that he might examine into the circumstances of its occurrence, ascertain his liability and, if he denied liability, secure the proper evidence to sustain his defense. For this purpose the accident should be so identified that the master's attention is called to the exact occurrence.

A notice made under the Employers' Liability Act, which sets out that the injuries were caused by the employer's negligence, "in that as my master you failed to furnish me with a reasonable safe place, appliances, ways, works and machinery in and in connection with which to work, and in that you negligently failed to inspect, keep safe, and safeguard the place, appliances, ways, works, machinery and apparatus in and in connection with which I was obliged to work, and in that you know-ingly employed and retained incompetent foremen and co-workmen to guide, direct and assist me in the performance of my work, and in that you failed to formulate, promulgate and enforce proper rules and regu-lations for the safety of myself and said co-employees, as a result of all of which certain earth, stone and material was caused and permitted to fall upon and seriously injure me," does not reasonably and sufficiently describe the accident or occurrence. (*Bertolami* v. *United Engineer-ing & Contracting Co.*, 198 N. Y. 71, and *Hurley* v. *Olcott*, 198 N. Y. 132, distinguished; *Finnigan* v. *N. Y. Contracting Co.*, 194 N. Y. 244, followed.)

Where a case has been submitted to the jury solely under the Employers' Liability Act, and the jury has not passed upon the issues, upon the determination of which common-law liability would rest, the judgment cannot be supported upon the ground that plaintiff's evidence made out a cause of action at common law.

*Logerto* v. *Central Building Co.*, 129 App. Div. 922, reversed.

(Argued April 5, 1910; decided April 26, 1910 )

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered January 11, 1909, modifying and affirming as modified a judgment in favor of plaintiff entered upon a verdict, and affirming an order denying a motion for a new trial.

The nature of the action and the facts, so far as material are stated in the opinion.

*John C. Robinson, Horace A. Davis* and *Frank V. John-son* for appellant. The case was improperly submitted to the jury as one under the Employers' Liability Act. The notice which the trial court held sufficient was inadequate, insuf-

ficient, defective and improper, and did not comply with the requirements of the act. (*Finnigan* v. *N. Y. C. Co.*, 194 N. Y. 244; *Barry* v. *D. D. Co.*, 121 App. Div. 810; *Kennedy* v. *N. Y. T. Co.*, 125 App. Div. 846; *Bori* v. *Hess*, 123 App. Div. 389; *Ortolano* v. *D. C. Co.*, 120 App. Div. 59; *Miller* v. *S. P. Co.*, 109 App. Div. 135; *Palmieri* v. *Pearson & Son*, 128 App. Div. 231; *Galino* v. *Fleischmann*, 130 App. Div. 605.)

*Thomas J. O'Neill* and *L. F. Fish* for respondent. The notice under the Employers' Liability Act in this case states the exact physical cause of the injury, to wit, "the falling of earth and stone upon plaintiff," and also states that the defendant failed to safeguard the place in which the plaintiff was directed to work, and failed to make proper rules, and was, therefore, sufficient. (*Bertolami* v. *U. E. & C. Co.*, 198 N. Y. 71.) The defendant was guilty of negligence under the common law in negligently permitting the unsafe method of undermining to continue forty days before the casualty. (*McGonigle* v. *Canty*, 30 N. Y. 320; *Rian* v. *D. & H. Co.*, 114 App. Div. 268; *Rickoff* v. *Hulman*, 7 N. Y. 47; *Dowd* v. *N. Y., O. & W. R. R. Co.*, 170 N. Y. 466; *Fremont* v. *B. & A. R. R. Co.*, 11 App. Div. 831.)

Cullen, Ch. J. This action was brought under the Employers' Liability Act (Laws of 1902, ch. 600). The defendant was engaged in the excavation of a cellar for a large building, and the plaintiff employed as a laborer in that work. The evidence shows that the material excavated was of a hard character, and that the method of work was to undermine the bank to some extent and then, by bars and sledges, break off and cast down the overhanging material. While engaged in digging under the bank it fell in upon the plaintiff. The plaintiff contended that the accident was due to the negligence of the superintendent, for which, under the Employers' Liability Act, the defendant is made responsible. The notice given under the provisions of that act is as follows:

" To Central Building Co.,
    " 58 Front Street,
        " Worcester, Massachusetts :

" Sirs.— Please take notice that I, the undersigned, on August 17th, 1906, while in your employ on your contracting operation near Mt. Kisco, New York, received serious and physical injuries, and that said injuries were caused without any negligence on my part in anywise contributing thereto, but solely by your negligence, in that as my master you failed to furnish me with a reasonable safe place, appliances, ways, works and machinery in and in connection with which to work, and in that you negligently failed to inspect, keep safe and safeguard the place, appliances, ways, works, machinery and apparatus in and in connection with which I was obliged to work, and in that you knowingly employed and retained incompetent foremen and co-workmen to guide, direct and assist me in the performance of my work, and in that you failed to formulate, promulgate and enforce proper rules and regulations for the safety of myself and said co-employees, as a result of all of which certain earth, stone and material was caused and permitted to fall upon and seriously injure me.

" Yours, etc.,
    "(Signed)   FRANK LOGERTO."

To the receipt of this notice in evidence the defendant objected that it did not properly and sufficiently describe the occurrence of the accident, and the objection being overruled, properly excepted. We think the defendant's objection was well taken. The object of the legislature in requiring the service of notice as a condition precedent for the enforcement of the increased liability it had imposed on the master is plain. It was that the master should be apprised of the accident within a reasonable time after its occurrence, so that he might examine into the circumstances of its occurrence, ascertain his liability and, if he denied liability, secure the proper evidence to sustain his defense. For this purpose it is clear that the accident should be so identified that the master's

attention is called to the exact occurrence. The statute prescribes that the action shall not be maintained "unless notice of the time, place and cause of the injury is given to the employer within one hundred and twenty days * * * after the occurrence of the accident causing the injury or death." (Section 2.) Whatever difference of opinion may exist as to the necessity of stating in the notice the precise negligence of the master on which it is sought to predicate his liability, we think the notice must reasonably describe the accident or occurrence. The statute is meant for the protection of employees and laborers, many of whom, it may be presumed, are deficient in education or illiterate. The statute contemplates that notice be given by the party injured or by some one on his behalf. Therefore, the statement of the accident should not be required to conform to any higher standard than that which might be expected from an illiterate person. But the notice in this case does not conform to even that standard, and, although drawn by a lawyer, there is in it no fair attempt to comply with the statute. It enumerates at length all the possible statutory grounds of liability, but the only allusion to the accident or cause of injury is in the three concluding lines, "as a result of all of which certain earth, stone and material was caused and permitted to fall upon and seriously injure me." Whether the plaintiff was injured by the caving of the bank, by earth falling from the boxes in which the material excavated was removed, by accident to the derricks, which elevated the boxes, suffering the material to fall, or by the foundation walls, which were being constructed, falling on him, the notice gives no intimation whatever. The most illiterate person would not have stated to another the occurrence of this accident and injury to the plaintiff in the bald terms of the notice. He would have told to some extent how the occurrence happened. It might be in the most terse language that a bank in which the plaintiff was digging fell down upon him; that material which was being taken out of the excavation had been suffered to fall on him; that a wall had given way and injured him. This much, at least, should be specified

in the statutory notice, and it is imposing no unreasonable burden on the employee to require it.

It is contended, however, by the counsel for the respondent that we are concluded on this question by two previous decisions of this court in the cases of *Bertolami* v. *United Engineering and Contracting Company* (198 N. Y. 71) and *Hurley* v. *Olcott* (198 N. Y. 132). In the first of these the statement as to the accident and cause of injury was extremely meagre, but no objection was made to it on that ground. As pointed out by Judge Hiscock, the defendant confined itself to the objection that the notice failed to state that the accident was caused by the negligence of the superintendent, and hence that was the only question which we could consider on the appeal. In the second case the notice was of an entirely different character from the one before us. It concluded " while under your employ on the New Singer B'ldg two steel columns were placed in a careless position on the temporary bridge two feet above the 14th floor, 17th tier. These columns were placed one on top of the other, the top one rolled or was pushed off onto his leg and broke the leg four inches above the knee." While this description might have been more detailed, it told what had happened and apprised the master of the occurrence. On the other hand, our decision in *Finnigan* v. *New York Contracting Company* (194 N. Y. 244) tends to sustain the views we have expressed. In that case, as in this, the notice served repeated in detail every ground of liability mentioned in the statute and stated that as a result of such negligence on the part of the master the plaintiff's intestate received injuries from which he died, but failed to state what had happened to the plaintiff's intestate or what the accident was. The notice was held insufficient. Judge Hiscock, writing for the court, said : " Even if we should assume that the claimant was entitled thus to serve a notice setting forth many grounds of negligence on some of which he did not intend to rely, and then in the end select the one which he thought was applicable, we think that there was no statement which fairly and

completely described the cause of the accident which killed plaintiff's intestate." (p. 248.)

It is urged in support of the judgment that the plaintiff's evidence made out a cause of action at common law. This it is unnecessary to consider. The case was submitted to the jury solely under the Employers' Liability Act, and the jury have not passed upon the issues upon the determination of which common-law liability would rest.

The judgment should be reversed and a new trial granted, costs to abide event.

GRAY, EDWARD T. BARTLETT, WERNER, WILLARD BART-LETT, HISCOCK and CHASE, JJ., concur.

Judgment reversed, etc.