## VALENTINO v. GARVIN MACHINE CO.

(Supreme Court, Appellate Division, Second Department. June 24, 1910.)

1. MASTER AND SERVANT (§§ 219, 288*)—INJURY TO SERVANT—ASSUMED RISK—QUESTIONS FOR JURY.

Where plaintiff was injured by getting his hand in unguarded cogwheels of a drill, with which he was familiar, the unguarded condition of the wheels being obvious, plaintiff assumed the risk thereof at common law as a matter of law, but under Employer's Liability Act (Laws 1902, c. 600) § 4, the question was for the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 610–624, 1068–1088; Dec. Dig. §§ 219, 288.*]

2. MASTER AND SERVANT (§ 252*)—INJURY TO SERVANT—EMPLOYER'S LIABILITY ACT—NOTICE OF INJURY—"CAUSE."

The word "cause" as used in the Employer's Liability Act (Laws 1902, c. 600), requiring notice to the master of injury to a servant, specifying the cause of the injury, may refer to the physical cause, or to the particular act of omission or commission, which, under the law of master and servant, is a breach of the master's duty, and since the statute contemplates that the notice shall be given by the injured person himself, it will be sufficient if it contains an honest and fairly accurate statement of the physical cause of the injury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. 806; Dec. Dig. § 252.*

For other definitions, see Words and Phrases, vol. 2, pp. 1009–1012; vol. 8, pp. 7597, 7598.]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. MASTER AND SERVANT (§ 252*)—INJURIES TO SERVANT—EMPLOYER'S LIABIL-
ITY ACT—NOTICE—SUFFICIENCY.

A notice of injury to a servant under the Employer's Liability Act
(Laws 1902, c. 600) recited that plaintiff received painful and permanent
injuries to his left hand from which two fingers and a part of a third were
amputated while he was working on a machine provided by the master;
that such injuries were sustained by the plaintiff solely by the negligence
and carelessness of the person notified, as plaintiff's master, in providing
plaintiff with an unsafe and defective machine or implement with which
to do his work; and that the machine was not properly safe-guarded and
protected so as to prevent such injury. _Held_ that, since Labor Law
(Laws 1897, c. 415) § 81, requires that all machinery shall be properly
guarded and a violation of this provision may be evidence of negligence,
the notice sufficiently specified the physical cause of injury, and was not
objectionable for failure to state the part of the machine inflicting the in-
jury and that it was improperly guarded.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 806;
Dec. Dig. § 252.*]

4. MASTER AND SERVANT (§ 129*)—INJURIES TO SERVANT—NEGLIGENCE—PROXI-
MATE CAUSE OF INJURY.

Where plaintiff, operating a machine drill with unguarded cogwheels,
while examining the lower part of the machine, slipped without apparent
cause, and thrust his hand into the cogwheels, resulting in injury, the
slipping on the floor, and not the unguarded condition of the wheels, was
the primary cause of his injury, and hence there was no actionable negli-
gence.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 129.*]

Appeal from Trial Term, Kings County.

Action by Generoso Valentino against the Garvin Machine Com-
pany. From a judgment dismissing the complaint, plaintiff appeals.
Affirmed.

Argued before WOODWARD, JENKS, BURR, RICH, and
CARR, JJ.

John J. Freschi (G. Washbourne Smith, on the brief), for appellant.
Franklin Pierce, for respondent.

BURR, J. Plaintiff was employed by defendant to work upon a
machine intended to drill holes in metal swivels. He had 11 years' ex-
perience in the use of similar machines. Defendant's machine con-
sisted of an upright column, from which an arm extended at right
angles at a height of about 4½ feet from the floor. At the extremity
of this arm were three cogwheels which turned the drill. These cog-
wheels were covered in the rear, but uncovered in the front. The fact
that they were thus unguarded, and that injury would result to him
if his hands were caught in them was known to plaintiff from the
first day that he was employed upon the machine. While engaged in
drilling a swivel he heard a noise, and bent down to see what the
matter was, and while doing that his foot slipped and his left hand
came in contact with the cogwheels, and his hand was injured. There
is no evidence of any defect in the machine unless the absence of
guards over the cogwheels should be deemed such. There is no evi-
dence of any defective or slippery condition of the floor. The cause
of plaintiff's slipping is left wholly to conjecture.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The learned trial justice dismissed the complaint upon the ground that the defect in the machine, if it was such, was obvious, and the dangers resulting therefrom known to plaintiff, and that he must be deemed to have assumed the risks connected with the use thereof. If the action is deemed one at common law the ruling would unquestionably be correct. Buckley v. G. P. & R. M. Co., 113 N. Y. 540, 21 N. E. 717; Knisley v. Pratt, 148 N. Y. 372, 42 N. E. 986, 32 L. R. A. 367. On the other hand, if the action may be sustained under the employer's liability act, the question of assumption of this risk would be one of fact for the jury. Laws 1902, c. 600, § 4; Clark v. N. Y. C. & H. R. R. R. Co., 191 N. Y. 416, 84 N. E. 397; Hurley v. Olcott, 134 App. Div. 631, 119 N. Y. Supp. 430, affirmed 198 N. Y. 132, 91 N. E. 270. Plaintiff attempted to comply with the requirements of this act, and within the specified time served a notice upon defendant respecting the happening of the accident. The notice read as follows:

"Please take notice that on the 17th day of August, 1906, at or about 2 o'clock in the afternoon of that day, while in your employ at your factory, Spring and Varick Streets, New York City, Manhattan, I received serious, painful and permanent injuries to my left hand from which two fingers and a part of the third were amputated, while I was working upon a machine provided by you. Such injuries were sustained by me without any negligence or carelessness on my part, but solely by the negligence and carelessness of you as my master in providing me with an unsafe and defective machine or implement with which to do my work; that the said machine was not properly safeguarded and protected so as to prevent said injuries, and because of your failure to provide me with a proper foreman or superintendent to direct me in the guidance of my work, and because of your failure to provide me with a proper machine in good order and reasonably fit for the work, and in failing to instruct me as to the dangers of said work, and in that you failed to repair said machine within a reasonable time, knowing of the defective condition, by reason of which I sustained the said injuries as aforesaid."

The statute requires that this notice shall specify three things: The time of the injury, the place of the injury, and the cause of the injury. This notice is sufficiently explicit as to time and place. It not only specifies that it occurred in defendant's factory, but particularizes to the extent of declaring that it was in that part of the factory where the machine was upon which plaintiff was employed to work. The difficulty, if any, with this notice, as with many others which have been condemned, arises out of an attempt to state the cause of the injury. The word "cause," as related to an injury, may refer to two things: first, to the physical cause—as, for example, the caving in of a bank, the breaking of a rope, the fall of a scaffold, or contact with an exposed and dangerous machine, and, second, to the particular act of omission or commission which, under the law of master and servant, is a breach of the master's duty—as, for example, furnishing a defective tool or appliance, failing to provide a reasonably safe place to work, or employing incompetent fellow workmen or an insufficient number thereof. The latter, for convenience of expression, may be termed the "negligent cause." The intent of the statute is that the notice should be given by the injured person himself. In many instances such person might be expected to be illiterate, and in almost no in-

123 N.Y.S.—61

stance would he be a person learned in the law. It seems to us sufficient, therefore, if such notice contains an honest and fairly accurate statement of the physical cause of the injury. It would be demanding too much to call upon the injured illiterate to specify the negligent cause, the particular violation of the obligation of the law of master and servant which set in operation the particular cause which resulted in the injury. The purpose and object of the statute is accomplished if the master is informed as to the particular thing or things out of which the injury resulted, so that he may make the necessary inquiries as to the fact and its attendant circumstances. Logerto v. Central Building Co., 198 N. Y. 390, 91 N. E. 782. In Hurley v. Olcott, supra, there was no attempt to state more than the physical cause of the injury, and the notice there served was held to be sufficient, both in this court and in the Court of Appeals. It is sufficient when the complaint is served to specify the particular violation of the master's duty out of which the physical cause of the injury arose. This notice contains, among others, these words, relating to plaintiff:

"I received serious, painful, and permanent injuries to my left hand from which two fingers and a part of the third were amputated, while I was working upon a machine provided by you. Such injuries were sustained by me * * * solely by the negligence and carelessness of you as my master in providing me with an unsafe and defective machine or implement with which to do my work. That the said machine was not properly safeguarded and protected so as to prevent said injuries."

The labor law requires that "all vats, pans, saws, planers, cogs, gearing, belting, shafting, set screws and machinery, of every description, shall be properly guarded." Laws 1897, c. 415, § 81. A violation of its provisions may be evidence of negligence. The learned counsel for the respondent contends that the notice is insufficient because it does not specify what part of the machine inflicting the injury was improperly guarded, whether the cogs, gearing, belting, shafting or set screws. We think this is exacting too much. If the notice had been only to the effect that none of the machinery in a large factory was properly guarded, or that some of it, without specifying which, was not properly guarded, the criticism would be entitled to grave consideration. But when it picks out a particular machine as the one which is unguarded, and when the machine is one of comparatively simple mechanism as this machine is, we think that the master was fairly advised of the particular physical cause of the injury complained of.

But it is urged as a further objection to the notice that it does attempt to state the negligent violation of the master's duties, and that it states several independent and inconsistent violations thereof and that the notice is therefore insufficient. Finnigan v. N. Y. Contracting Co., 194 N. Y. 244, 87 N. E. 424, 21 L. R. A. (N. S.) 233. As it seems to us, the most serious difficulty with the notice in the Finnigan Case is that it wholly failed to state any physical cause of the injury, or, to quote the language of Judge Hiscock, "There was no statement which fairly and completely described the cause of the accident which killed plaintiff's intestate as described by the facts." As was said by

Mr. Justice Ingraham when the case was before this court (122 App. Div. 712, 107 N. Y. Supp. 855):

"From this notice the defendant could gain no information as to whether the deceased was injured by a blast, the breaking of a derrick, by falling into a pit, or failure to provide safe machinery; nothing was stated except that his death was caused by the negligence of the defendant."

It would perhaps be difficult in this case to refer the physical cause which was stated to more than one violation of the master's duty—the failure to properly guard the machine. When the notice attempts to state the negligent cause, although it may be unnecessary to do so, if it states a negligent cause which is related to the physical cause, even though it may state other negligent causes, if the master is not misled by the statement of more than one such cause, the notice should not be condemned on that account. It would follow that the judgment of nonsuit in this case must be reversed, if it were not for the fact that the evidence establishes no actionable negligence which is the proximate cause of plaintiff's injury. A master is not bound under all circumstances to guard all of the machines in his factory. Some force must be given to the word "properly," and the necessity of guarding must to some extent be determined by the probable dangers from exposure. Glens Falls P. C. Co. v. Travelers' Ins. Co., 162 N. Y. 399, 56 N. E. 897; Dillon v. National Coal Tar Co., 181 N. Y. 215, 73 N. E. 978. It is difficult to understand, in this case, considering the position in which the cogs were placed, how plaintiff could get his hand into them in the ordinary conduct of defendant's business. He does not claim that he did. He says that he slipped, and in that way thrust his hand into the machine. The slipping was the primary cause, therefore. But there is no evidence as to the cause of his slipping, or that the same was due to any fault or negligence of defendant. We are unable to distinguish this case from the case of Buckley v. G. P. & R. M. Co., supra, where the court said:

"He" (plaintiff) "was not injured because he did not know that the cogs were dangerous, but the injury happened because he slipped and fell and instinctively threw out his hand to recover himself. His falling was a mere accident, and no amount of instruction or caution from the agents of the defendant would have prevented the accident and saved him from the injury. His injury did not come from any ignorance of the machines *or of the danger to which he was exposed*, but it came solely from the accident."

In a subsequent portion of the opinion the court say:

"After the general charge of the judge to the jury, the counsel for the defendant said this to him: 'I understand your honor to tell the jury, and you did tell the jury, and I ask to have it repeated, that if it happened from a slip, and was an inevitable accident, that there can be no recovery anyway, whether it was a dangerous employment or not.' And the judge replied, 'I think I have charged that substantially; I cannot repeat it.' That charge required a verdict for the defendant. The evidence is undisputed, all coming from the plaintiff himself, *that the accident did happen from a slip, and was, therefore, in that sense, inevitable.*"

For this reason, therefore, we conclude that the judgment appealed from should be affirmed, with costs. All concur.