## IMPELLIZZIERI v. CRANFORD.

(Supreme Court, Appellate Division, Second Department. December 30, 1910.)

1. MASTER AND SERVANT (§ 252*)—INJURIES TO SERVANT—EMPLOYER'S LIA-
BILITY ACT—NOTICE.

Where notice of a servant's injury, given under the employer's liability act (Consol. Laws, c. 31, § 201), contained a sufficiently accurate statement of the physical cause of the injury, it was not fatally defective because it failed to specify the particular violation of the master's duty out of which the negligent cause arose.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 806; Dec. Dig. § 252.*]

2. MASTER AND SERVANT (§ 298*)—INJURIES TO SERVANT—THEORY OF CAUSE.

Where an action for injuries to a servant has been tried and a verdict rendered for plaintiff on the theory of a common-law liability only, and the evidence does not warrant such a finding, the judgment cannot be sustained under the provisions of the employer's liability act (Consol. Laws, c. 31, art. 14).

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 298.*]

3. MASTER AND SERVANT (§ 185*)—INJURIES TO SERVANT—NEGLIGENCE—FEL-
LOW SERVANTS.

Where plaintiff while working in front of a steam shovel was injured by the sudden descent of a bucket, caused either by the negligence of the fireman while climbing up the arm of the hoist in striking a controlling lever with his foot, or by the negligence of the engineer in opening the throttle at an improper time and without signals, the master was not liable at common law; the engineer and fireman in doing such acts being plaintiff's fellow servants.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 449–474; Dec. Dig. § 185.*]

4. MASTER AND SERVANT (§ 150*)—INJURIES TO SERVANT—DUTY TO WARN.

Where a servant working in front of a steam shovel was injured by the sudden descent of a bucket, due either to the negligence of the fireman in accidentally striking a lever with his foot or to the negligence of the engineer in opening the throttle at an improper time, the injury was not one arising out of a danger to be apprehended in the proper performance of the work so as to charge the master with negligence in failing to provide for suitable warning.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 297; Dec. Dig. § 150.*]

5. MASTER AND SERVANT (§ 177*)—NEGLIGENCE OF SERVANT—MASTER'S LIA-
BILITY.

A master cannot be held liable for acts of a servant when similar conduct of the master would not be actionable negligence.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 352, 353; Dec. Dig. § 177.*]

Appeal from Trial Term, Kings County.

Action by Giuseppe Impellizzieri against Charles Cranford. From a judgment for plaintiff and from an order denying defendant's motion for a new trial, he appeals. Reversed, and new trial granted.

Argued before JENKS, BURR, THOMAS, RICH, and CARR, JJ.

Harry S. Austin (Edward J. Redington, on the brief), for appellant. Achille J. Oishei, for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

BURR, J.  On February 13, 1907, defendant was engaged in making excavations for the purpose of sinking the railroad tracks of the Brighton Beach Road.  In connection with the work a steam shovel was employed.  A long arm projected from the front of the machine, which could be raised and lowered or turned from side to side.  At its extreme end there was a heavy bucket.  At the rear of the machine was a driving engine, which ran upon rails temporarily laid for the purpose.  As the work progressed and all of the material within reach of .the projecting arm had been removed, the rails in the rear were taken up and placed in front of the machine and the machine moved forward.  A gang of eight or ten men were employed to operate this machine, one of whom was the engineer, another the fireman, a third known as the "craneman," and the others constituted the shovel gang.  Plaintiff was one of this gang.  At the time of the accident it became necessary to smooth down the earth in front of the machine, and relay the rails so that it could be moved forward, and plaintiff was thus engaged.  The arm of the machine, with the bucket at the end, was raised to the height of about eight feet from the ground.  A· wire rope, which passed over a sheave at the extreme end of the arm, had slipped off, and was resting upon the axle, and the craneman, together with the fireman, were directed to climb up on this arm and replace the rope.  While they were thus engaged the arm suddenly descended and the ʻbucket struck plaintiff, producing injuries, to recover for which this action is brought.

The evidence is not clear as to the cause of the change in the position of this arm.  The fireman testified that, as he was climbing up, his foot struck a lever, and as the result of this it descended.  There was some evidence that the lever referred to in his testimony had no effect upon the arm of the machine, so far as causing it to rise or fall was concerned, that its only purpose was to move it from right to left in a horizontal or nearly horizontal direction, and that the only mechanism which could cause the arm to descend as it did was in the cab of the engineer, and was controlled by him alone.  The learned trial court submitted to the jury the question as to the cause of the descent of the arm, instructing them that, if it was due to the act of .the engineer, the jury might find the defendant responsible for the happening of the accident.  A verdict was rendered for plaintiff, and from the judgment entered on such verdict this appeal is taken.

The complaint alleged the service of a notice under the employer's liability act (Consol. Laws, c. 31, § 201), and the receipt of such a notice was admitted.  The learned trial court, however, excluded it when offered in evidence, upon the ground that it was insufficient under the statute.  In this we think the court erred.  The notice contained a sufficiently accurate statement of the physical, cause of the injury, and, although it failed to specify the particular violation of the master's duty out of which the negligent cause of the injury arose, this was not a fatal defect.  Valentino v. Garvin Machine Co., 139 App. Div. 139, 123 N. Y. Supp. 959.  Notwithstanding this error, this judgment must be sustained, if at all, upon the ground that a common-law liability has been established.  Where an action has been

tried and a verdict rendered for plaintiff upon the theory of a common-law liability only, if the evidence does not warrant such a finding,. the judgment cannot be sustained under the provisions of the employer's liability act, for the reason that the jury has not passed upon the issues on which such liability may be predicated.    Logerto v. Central Building Co., 198 N. Y. 390, 91 N. E. 782; Hammond v. Union Bag & Paper Co., 136 App. Div. 100, 120 N. Y. Supp. 652. Treating this as a common-law action, the judgment cannot be sustained.    If the bucket was caused to descend because the fireman,. while climbing up the arm, accidentally struck the lever with his foot, this was the negligent act of plaintiff's fellow servant.    If it was due to the act of the engineer in opening a throttle under his control, thus permitting the steam to act upon the arm of the machine, this was not an act pertaining to the duty which the master owes to his servant, and for the engineer's negligence the former is not liable.    Crispin v. Babbitt, 81 N. Y. 516, 37 Am. Rep. 521; Cullen v. Norton, 126 N. Y. 1, 26 N. E. 905.    The learned trial court, while conceding the correctness of the rule as above stated, charged the jury that it was part of the master's duty to provide that suitable warning should be given to his men when special dangers arise under which their lives or limbs may be imperiled, and, when the master had delegated the performance of that duty to another, neglect in the performance of such duty would make the master liable.    If this be an accurate statement of the law, it has no application to the facts in this case.    No special danger arose in the proper performance of the work.    There is no claim that the arm descended by reason of any defect in the machinery or appliances.    It was due entirely to the negligence of either the engineer or the fireman.    After this act of negligence, if the master himself had been personally present, he could not have warned plaintiff in time to permit him to escape.    He could not be personally charged with negligence therefore in omitting to give such warning.    The master cannot be held liable for conduct on the part of an employé, when similar conduct on his own part would not be actionable negligence.

The judgment and order appealed from must be reversed and a new trial granted, costs to abide the event.    All concur.