## GORMAN v. LOWDEN.

(Supreme Court, Appellate Term. June 29, 1911.)

1. MASTER AND SERVANT (§ 252*)—PERSONAL INJURIES—ACTIONS—NOTICE OF INJURY.
　　A notice of injury by an employé, which does not fairly and completely describe the cause of the accident, as required by Employer's Liability Act (Consol. Laws 1909, c. 31) §§ 200–204, was improperly admitted in evidence.
　　[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 252.*]

2. MASTER AND SERVANT (§ 190*)—PERSONAL INJURIES—FELLOW SERVANT—FOREMAN.
　　A foreman who, in the absence of the driver of a truck, was directed to load and drive the truck, and who ordered plaintiff to bring boxes which the foreman loaded and tied on the truck, was not the representative of the master, but a fellow servant with plaintiff.
　　[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 190.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from City Court of New York, Trial Term.

Action by Michael Gorman against James M. Lowden for personal injuries. From a judgment for plaintiff, and from an order denying new trial, defendant appeals. Reversed, and new trial ordered.

Argued before SEABURY, GUY, and BIJUR, JJ.

Amos H. Stephens (Allan E. Brosmith, of counsel), for appellant. Charles Dushkind, for respondent.

BIJUR, J. Plaintiff was employed as a laborer by defendant, who is in the trucking business. On the day of the accident the driver of one of the trucks had been discharged, and defendant's superintendent directed defendant's foreman to load and drive the truck. The foreman ordered the plaintiff to bring various boxes to the truck, and the foreman arranged and tied them on the truck. When the truck was loaded, the superintendent told the plaintiff to go with the foreman to the dock. Plaintiff and the foreman sat on the boxes on the front end of the truck. On the way, the particular box on which the plaintiff sat was jolted off, because it had not been tied on, and fell on plaintiff, breaking his ankle.

[1] The notice served in accordance with the employer's liability act did not contain any statement which "fairly and completely" described the cause of the accident, and was, therefore, improperly admitted in evidence. Finnigan v. N. Y. Contracting Co., 194 N. Y. 244, 87 N. E. 424, 21 L. R. A. (N. S.) 233; Logerto v. Central Building Co., 198 N. Y. 390, 91 N. E. 782.

[2] The negligence of the defendant is alleged to be the failure to properly tie the boxes. It is uncontradicted that the defendant had furnished suitable ropes for the purpose. This negligence of the foreman in failing to make use of the necessary number of ropes was not, however, that of an alter ego. As the defendant provided suitable appliances, he is not liable for the negligence of the foreman, who was in this case a fellow servant. Vogel v. American Bridge Co., 180 N. Y. 373, 73 N. E. 1, 70 L. R. A. 725. This point was properly raised by a request to charge, which was refused, and due exception taken thereto.

The judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.