PRATT v. McKEE et al.

(Supreme Court, Appellate Division, Second Department. November 17, 1911.)

1. MASTER AND SERVANT (§ 252*)—NOTICE OF INJURY—SUFFICIENCY.

A servant's notice of personal injuries given by his attorney recited that pursuant to Laws 1902, c. 600, the attorney thereby notified the employer that on a certain date the servant "was directed to go up to the top of the mast of a derrick then being used by your company on a job on or near" the streets named to assist "in moving the steel boom of said derrick from one side of a guy rope, supporting said, derrick, to the other side of said guy rope; that while engaged in this work said derrick fell over, and" the servant "was seriously and permanently injured," etc. *Held*, that the notice of injury was insufficient for not stating the actual physical cause of plaintiff's injury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 806; Dec. Dig. § 252.*]

2. MASTER AND SERVANT (§ 190*)—ACTS OF FELLOW SERVANT.

The omission of an employé who was ordered by the superintendent in charge of a derrick to fasten a boom without being given any discretion as to whether it should be fastened was a mere detail of the work, and not an act of superintendence so as to make the employer liable for injuries resulting from such omission.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 449–474; Dec. Dig. § 190.*]

3. MASTER AND SERVANT (§ 129*)—INJURIES—PROXIMATE CAUSE.

Where a derrick, the falling of which injured plaintiff, fell because of an employé's failure to fasten down the boom before loosening the guy ropes as directed, such failure was the proximate cause of plaintiff's injuries, and not the order requiring him to go up the derrick which he was executing when it fell, as it would have been safe to go up had the boom been properly fastened as directed.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 257–263; Dec. Dig. § 129.*]

Hirschberg, J., dissenting.

Appeal from Trial Term, Kings County.

Action by Michael Pratt against Henry D. McKee and William W. Beers, doing business as the Eastern Construction Company. From a judgment for plaintiff and an order denying a motion for a new trial, defendants appeal. Reversed, and new trial granted.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before JENKS, P. J., and HIRSCHBERG, BURR, RICH, and WOODWARD, JJ.

E. Clyde Sherwood (Joseph F. Murray, on the brief), for appellants. Frederick N. Van Zandt, for respondent.

BURR, J. This case has been twice tried, and has once before been under consideration by this court. Pratt v. McKee, 135 App. Div. 752, 119 N. Y. Supp. 967. The circumstances attending the accident from which plaintiff's injury resulted were stated in the opinion then delivered. The evidence upon the second trial showed no material difference therein, and it is unnecessary to restate them. Upon the first trial the notice which was served in attempted compliance with the provisions of the employer's liability act was excluded for insufficiency in stating the cause of the injury. Although we reversed the judgment of nonsuit which was then under review, we did not base our reversal upon error in this respect. On the contrary, without passing upon the sufficiency of the notice, we said that, if it should have been admitted, the error in excluding it was a harmless one, for the reason that Erdt was not a superintendent nor exercising an act of superintendence at the time that the derrick fell. We then said that "fastening down the boom was a mere detail of the work." But we thought that, treating the action as one at common law, the judgment should be reversed for error in excluding evidence which might tend to establish the incompetency of Erdt, and that the defendants retained him in their employ to the injury of plaintiff, his fellow servant, after knowledge of such incompetency. Upon the last trial the notice under the employer's liability act was admitted in evidence against defendants' proper objection thereto, and the learned trial court submitted to the jury the question whether Erdt was a superintendent and exercising acts of superintendence when the derrick fell, and refused to charge, as requested by the defendants, that:

"The evidence in this case establishes that Erdt was not a superintendent within the meaning of the employer's liability statute, and also that he was not exercising an act or acts of superintendency at the time of this accident to the plaintiff."

The court also refused to charge, upon like request, that:

"The fastening of the boom of this derrick was a mere detail of the work, and, if the man Erdt failed to do so, the defendants are not liable or responsible therefor."

Other requests to charge of a similar character were also refused, and it now devolves upon us to consider the correctness of the rulings of the trial court upon these questions.

[1] The notice served was in the following form:

"Pursuant to chapter 600 of the Laws of 1902, I beg to notify you, as the attorney for Michael Pratt, that on the 20th day of September, 1906, while in your employ as an ironworker, he was directed to go to the top of the mast of a derrick then being used by your company on a job at or near the corner of Flushing and Kent avenues, Brooklyn, for the purpose of assisting in moving the steel boom of said derrick from one side of a guy rope supporting said derrick to the other side of said guy rope; that while engaged in this work said derrick fell over, and said Michael Pratt was

seriously and permanently injured; that he intends to bring an action to re-cover damages from your company."

We think that this notice was insufficient. It does not state the physical cause of plaintiff's injury. It says that the plaintiff was directed to go to the top of the mast of the derrick, but it does not state that he went, or that he was injured while attemping to do so. It does say "while engaged in this work" he was injured, but the notice had just before referred to the work of moving the steel boom. The language naturally would be referred to this, and not to an act of going to the top of the mast. The notice fails to state what caused the derrick to fall, and it also omits to state that plaintiff was struck by the derrick, or that his injuries were the result of or in any way connected with the fall thereof. For anything that appears in the notice, he might have been injured by some independent negligent act of a fellow servant prior or subsequent to the fall thereof. It seems to us that this falls within that class of notices condemned by the Court of Appeals in Finnigan v. N. Y. Contracting Co., 194 N. Y. 244, 87 N. E. 424, 21 L. R. A. (N. S.) 233. See same case on first appeal, 122 App. Div. 712, 107 N. Y. Supp. 855, Logerto v. Central Building Co., 198 N. Y. 390, 91 N. E. 782, and Simpson v. Foundation Co., 201 N. Y. 479, 95 N. E. 10. In the Finnigan Case no physical cause of the injury was stated. Valentino v. Garvin Machine Co., 139 App. Div. 139, 123 N. Y. Supp. 959. In the Logerto Case the notice stated that as the result of various omissions of a master's duties "certain earth, stone, and material was caused and permitted to fall upon" the claimant. The court said:

"The most illiterate person would not have stated to another the occurrence of this accident and injury to the plaintiff in the bald terms of the notice. He would have told to some extent how the occurrence happened. It might be in the most terse language that a bank in which the plaintiff was digging fell down upon him; that material which was being taken out of the excavation had been suffered to fall on him; that a wall had given way and injured him. This much, at least, should be specified in the statutory notice, and it is imposing no unreasonable burden on the employé to require it."

In Simpson v. Foundation Co., supra, the notice stated that the accident was caused by the failure of the said foundation company to provide proper protection for Simpson in his employment, and as a result thereof said Simpson was struck by a bucket which was being used for hoisting purposes, causing him to fall into a pit, whereby he sustained serious injuries. The court then said:

"While it says that he was struck by a bucket and caused to fall into a pit, it does not state what he was doing, why the bucket struck him, where he fell from, or under what circumstances he fell. Upon reading the notice, the employer could not tell whether something broke, or whether the accident was caused by some defect in machinery, or through careless operation, or the failure to give warning, or through any particular act of omission or commission. * * * The statute says that 'the cause of the injury' must also be stated, and this means that the accident should be so described that a person of ordinary intelligence who knew nothing about it could understand how it happened. Notice that the plaintiff was struck by a bucket and knocked into a pit is good as far as it goes, but it was necessary to further state, however informally, how the bucket came to strike him; or, in other

words, in some reasonable way to describe the occurrence as it actually took place."

The admission of this notice was error.

[2] We think, also, that the court erred in refusing to charge, as requested, respecting the character of Erdt's acts in connection with the performance of the work. The testimony upon this trial does not differ materially from that given upon the former trial. Erdt had been instructed by the superintendent to fasten down this boom, and had neglected to do so. He was given no discretion in determining whether it should or should not be done. Quinlan v. Lackawanna Steel Co., 191 N. Y. 329, 84 N. E. 73. As we before held, his omission to fasten down the boom was a detail of the work, and not an act of superintendence. Plaintiff now contends that, whatever the character of the neglect to fasten the boom, Erdt's direction to the plaintiff to go up to the top of the mast was an act of superintendence. We hardly think so, under the circumstances. But, even so, defendant was entitled to the charge requested and refused, that "the fastening of the boom of this derrick was a mere detail of the work."

[3] Beyond that the instruction to go to the top of the mast only became improper because of the previous act of evidence of Erdt in disobeying the express instructions given to him to fasten down the boom before loosening the guy ropes. That was the culpable thing, and for that culpability the master is not responsible. For these reasons this judgment must be reversed.

We do not now express any opinion whether the evidence was sufficient to sustain a common-law action upon the theory that defendants had knowingly retained in their employ an incompetent servant, for the reason that upon a new trial the evidence may be changed in respect to this. It is impossible for us to determine upon what ground the jury based its verdict, and the errors committed in admitting the notice in evidence and submitting to the jury the question whether Erdt's act in omitting to fasten the boom was an act of superintendence are fatal to the maintenance of this judgment.

The judgment and order should be reversed and a new trial granted, costs to abide the event.

JENKS, P. J., and WOODWARD and RICH, JJ., concur. HIRSCHBERG, J., dissents.