### NEW ENGLAND NAVIGATION CO. v. LULIANO.

(Circuit Court of Appeals, Second Circuit. December 11, 1911.)

#### No. 120.

1. APPEAL AND ERROR (§ 260*)—EXCEPTIONS TO EVIDENCE—SUFFICIENCY.

Sufficient exceptions were taken to a notice of personal injury offered in evidence under an employer's liability act (Laws N. Y. 1902, c. 600), where the trial court, after having the notice marked for identification, reserved any ruling as to its sufficiency, where, when the notice was offered in evidence just before summing up by plaintiff's counsel, it was objected to as being insufficient, where the trial court granted "exception to the admission of testimony as to the service of that exhibit or as complying with the statute," and where defendant excepted to refusal to direct a verdict in its favor.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1503–1515; Dec. Dig. § 260.*]

2. MASTER AND SERVANT (§ 252*)—EMPLOYER'S LIABILITY ACT—NOTICE OF INJURY—SUFFICIENCY.

A notice to a navigation company, that an employé was injured because "certain material was caused and permitted to fall upon and injure" him while he was at work on a pier, is insufficient, under the employer's liability act (Laws N. Y. 1902, c. 600), requiring a notice of injury to set forth the circumstances thereof.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 252.*]

3. MASTER AND SERVANT (§ 278*)—INJURY TO EMPLOYÉ—NEGLIGENCE—EVIDENCE—SUFFICIENCY.

In an action against a navigation company for injury to employé, caused by a bale of cotton falling upon him while he was trucking bales on a pier, evidence held insufficient to show negligence of the company.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 278.*]

In Error to the Circuit Court of the United States for the Eastern District of New York.

Action by Nicola Luliano against the New England Navigation Company. Judgment for plaintiff, and defendant brings error. Reversed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Charles M. Sheafe, Jr. (Nathaniel S. Corwin, of counsel), for plaintiff in error.

Thomas J. O'Neill, for defendant in error.

Before LACOMBE, COXE, and WARD, Circuit Judges.

PER CURIAM. This record contains the removal bond, which is of no importance here, but, strange to say, does not set forth the charge of the court. Had it been printed, it would have been easier for us to determine what issues were sent to the jury.

The action was brought to recover for personal injuries sustained by the plaintiff while working in defendant's employ at Pier 19, North River, New York. The complaint is manifestly drawn to set up a cause of action under the New York employer's liability act (chapter 600, Laws of 1902). The negligence asserted is charged in the language of the statute, and it is expressly averred that prior to the commencement of the action plaintiff caused to be served upon defendant "a notice in conformity with chapter 600 of the Laws of 1902, setting forth the time, place, and circumstances under which he was injured, as hereinafter complained."

[1, 2] The bill of exceptions indicates that the case was tried as one arising under the statute. The first thing done by the plaintiff's counsel was to prove the service of a written notice and to offer such notice in evidence. The court had it marked for identification and reserved any ruling as to "its sufficiency as a notice under the New York statute" until later. The very last thing which the same counsel did before summing up was to offer such exhibit in evidence. It was objected to as not a sufficient notice, on authority of Finnegan v. N. Y. C. Co., 194 N. Y. 244, 87 N. E. 424, 21 L. R. A. (N. S.) 233. Plaintiff's counsel contended that "it was not like the Finnegan Case." The court admitted it in evidence "as the notice served for what it it worth," giving defendant "an exception to the admission of testimony as to the service of that exhibit or as complying with the statute." Defendant asked for direction of a verdict in its favor, which was denied, and exception to such denial granted.

There are certainly sufficient exceptions to entitle defendant to present the question as to sufficiency of the notice to this court. The notice reads as follows:

"Please take notice that I, the undersigned, was injured while in your employ on Pier 19, North River, New York, on April 4th, 1907, and I was especially injured to my leg, which was broken, and my body was otherwise injured, and I sustained a serious and permanent shock to my nervous system; that said injuries were caused without any negligence on my part in any wise contributing thereto, but solely by your negligence, in that, as my master, you failed to furnish me with a reasonably safe place, appliances, ways, works, apparatus, and machinery, and in connection with which to work, and failed to safeguard, inspect. and keep safe the same, and knowingly employed and retained incompetent foremen and coworkmen to guide, direct, and assist me in the performance of my work, and failed to formulate, promulgate, and enforce proper rules and regulations for my safety and the safety of my said co-employés, and in that your employés charged with and exercising superintendence over me negligently and carelessly conducted themselves in connection with said acts of superintendence, as a re-

suit of all of which certain material was caused and permitted to fall upon and injure me, as aforesaid."

This was an insufficient notice under the statute (Logerto v. Central Building Company, 198 N. Y. 390, 91 N. E. 782), and closely resembles the one condemned in that case. It enumerates at length all the possible statutory grounds of liability, but the only allusion to the accident or cause of injury is in the few concluding words:

"Certain material was caused and permitted to fall upon and injure me."

The notice gives no intimation whatever as to whether there was a giving way of the handle of a bag or other receptacle in which coal was being loaded into the bunkers or ashes being removed from the fire room, or whether the breaking of a tackle caused the fall of a staging on which men were at work putting a patch on the plates of a ship, or whether the fall or guy rope of a derrick boom parted, or its goose neck broke, or whether a donkey engine which was operating an apparatus for hoisting cargo aboard broke down or was mishandled. Had the plaintiff himself written the notice, he would no doubt have stated that he was injured by the falling of a bale of cotton, which cotton other persons were piling upon the pier. This simple statement would have given much more information than can be obtained from the document prepared by the lawyer.

The cause of action being upon the statute, and plaintiff failing to prove the prerequisite to recovery which the statute makes essential, defendant was entitled to have the cause taken from the jury and decided in his favor.

[3] Plaintiff states in his brief that the case was sent to the jury upon common-law questions of liability. Payne v. N. Y. S. & W., 201 N. Y. 436, 95 N. E. 19. Defendant upon the argument asserted that this statement was inaccurate. There is nothing in the record to sustain it. But, assuming that the statement is correct, there was not sufficient in the evidence to warrant sending the case to the jury.

The complaint is as vague as the notice touching the accident or its cause. The proof is that, while plaintiff was trucking cotton bales on the pier in question, a bale fell upon him and injured him. What bale it was, how it happened to fall, where it fell from, whether from the top of a pile or midway on the pile, there is nothing to show; nothing, in short, to show negligence on the part of the defendant. It is said that the accident happened because the bales were piled up on their ends, instead of flat, and that this was a dangerous way to pile them. There is no allegation in the complaint that they were so piled up, that such method was dangerous, or that it caused the accident. The only testimony from which it is argued that it was dangerous came from a longshoreman, who says that he has usually seen cotton bales piled "on the flat." We cannot assume that the way adopted by the defendant was dangerous, in the absence of all testimony in that regard.

We have examined the record to find any plausible theory upon which this verdict can be supported, and find none. The proof shows that plaintiff was injured by having a cotton bale fall on him, but that

is all. · There is not a particle of proof to show that defendant was guilty of any act of omission or commission which produced the injury.

Judgment reversed.