would not give him any present interest in the policy which would pass to the trustee, as the policy would not mature during his lifetime, and hence there was nothing for the trustee to receive. Matter of Buelow (D. C.) 98 Fed. 87; Matter of McDonnell (D. C.) 101 Fed. 239; Matter of Welling, 113 Fed. 189, 191, 51 C. C. A. 151; Matter of Pfaffinger, 164 Fed. 526, 21 Am. Bankr. Rep. 255. It is plain that the bankrupt could not himself have surrendered the policy and received its cash surrender value and under section 70a of the Bankrupt Law (Act July 1, 1898, c. 541, 30 Stat. 565 [U. S. Comp. St. 1901, p. 3451]), the trustee is only vested with powers the bankrupt might have exercised for his own benefit, not with those he might have exercised for other people. A trustee in bankruptcy has no greater rights than those possessed by the bankrupt. Matter of Chase, 124 Fed. 753, 755, 59 C. C. A. 629.

[15] I also think the rights of the plaintiff in the policies in question may be sustained upon the theory of an executed gift of the same. The proofs show that they were procured by the husband for the benefit of his wife and family, and were delivered by him to her for that purpose. She has since had possession of the same, either by herself personally or through her husband, whose possession was that of the wife. Under these circumstances the wife acquired an interest in the policies independent of the statute, of which her husband could not deprive her without her consent. Fowler v. Butterly, 78 N. Y. 68, 34 Am. Rep. 507; McGlynn v. Curry, 82 App. Div. 431, 81 N. Y. Supp. 855.

My conclusions are that no rights in the policies in question passed to the trustee in bankruptcy, and that the plaintiff possesses certain vested rights in the same which the courts will protect and enforce. The plaintiff is therefore entitled to a decree adjudging her interest in said policies as above set forth, and restraining the trustee in bankruptcy or her husband from disposing of the same or collecting the surrender value thereof, together with costs, to be paid out of the bankrupt's estate.

Findings may be prepared in accordance with this opinion, and, if not agreed to, settled before me on five days' notice.

---

SPINELLI v. McMULLEN, SNARE & TREIST, Inc.

(Supreme Court, Appellate Term, First Department. June 18, 1914.)

MASTER AND SERVANT (§ 252*)—INJURIES TO SERVANT—EMPLOYERS' LIABILITY ACT.

Service of notice in conformity with the statute is a condition precedent to the right of a servant to recover under the Employers' Liability Act (Consol. Laws, c. 31, §§ 200–204).

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 806; Dec. Dig. § 252.*]

Appeal from Municipal Court, Borough of the Bronx, Second District.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Personal injury action by Alfonso Spinelli, by Fiore Spinelli, his guardian ad litem, against McMullen, Snare & Treist, Incorporated. From a judgment for plaintiff, defendant appeals. Reversed, and complaint dismissed.

Argued June term, 1914, before SEABURY, PAGE, and BIJUR, JJ.

Halsey, Kiernan & O'Keefe, of New York City (John R. Halsey, of New York City, of counsel), for appellant.

Domenick A. Montani, of New York City, for respondent.

PER CURIAM. The service of a notice in conformity to the statute was a condition precedent to the plaintiff's right to recover. The alleged notice served did not comply with the statute. Logerto v. Central Building Co., 198 N. Y. 390, 91 N. E. 782.

Judgment reversed, with costs, and complaint dismissed, with costs.

---

### SPINELLI v. McMULLEN, SNARE & TREIST, Inc.

(Supreme Court, Appellate Term, First Department. June 18, 1914.)

MASTER AND SERVANT (§ 252*)—INJURY TO SERVANT—NOTICE UNDER EMPLOYERS' LIABILITY ACT.

> Service of notice in conformity to the Employers' Liability Act (Consol. Laws, c. 31, §§ 200–204) is a condition precedent to the right of an employé to recover for a personal injury.

> [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 806; Dec. Dig. § 252.*]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action under the Employers' Liability Act by Pasquale Spinelli, by Fiore Spinelli, his guardian ad litem, against McMullen, Snare & Treist, Incorporated, to recover for personal injuries to plaintiff. From a judgment for plaintiff, defendant appeals. Reversed, and complaint dismissed.

Argued June term, 1914, before SEABURY, PAGE, and BIJUR, JJ.

Halsey, Kiernan & O'Keefe, of New York City (John R. Halsey, of New York City, of counsel), for appellant.

Domenick A. Montani, of New York City, for respondent.

PER CURIAM. The service of a notice in conformity to the statute was a condition precedent to the plaintiff's right to recover. The alleged notice served did not comply with the statute. Logerto v. Central Building Co., 198 N. Y. 390, 91 N. E. 782.

Judgment reversed, with costs, and complaint dismissed, with costs.