## DIPPOLITO v. BROWN.

(Supreme Court, Appellate Division, First Department. December 1, 1911.)

MASTER AND SERVANT (§ 252*)—EMPLOYER'S LIABILITY ACT—NOTICE—SUFFICIENCY—CAUSE OF INJURY.

A notice under Employer's Liability Act (Consol. Laws 1909, c. 31) §§ 200–204, of a claim for death of an employé in the construction of a sewer, sufficiently showed the cause of injury, where it advised the employer that plaintiff would claim that decedent was directed to work in a dangerous place by a specified coemployé having general powers of superintendence, and that, while working in that place, decedent was killed by an explosion of dynamite.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 806; Dec. Dig. § 252.*]

Exceptions from Trial Term, New York County.

Action by Nicola Dippolito, as administrator of Fiore Dippolito, against George L. Brown. Verdict for defendant, and plaintiff moves for new trial upon exceptions ordered to be heard in the first instance at the Appellate Division. Exceptions sustained, and new trial granted.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, MILLER, and DOWLING, JJ.

Herbert C. Smyth, for plaintiff.
Charles Adkins Baker, for defendant.

SCOTT, J. This cause comes before us upon exceptions ordered to be heard in the first instance at the Appellate Division. The action is for damages for the death of plaintiff's intestate, and the sole question presented is as to the sufficiency of the notice served in attempted compliance with the requirements of the employer's liability law (Consol. Laws 1909, c. 31, §§ 200–204). Omitting the allegations as to time and place, the notice reads as follows:

"Third. The cause of said injuries resulting in the death of the said Fiore Dippolito was that by reason of the defective and dangerous condition of the

ways, works, and machinery connected with and used in the business of the said George L. Brown, in constructing the said sewer, which arose from and had not been remedied owing to the negligence of the said George L. Brown, or of a person employed by the said George L. Brown and intrusted by him with the duty of seeing that the ways, works, and machinery of the said George L. Brown were in proper condition and order, a charge of dynamite exploded at or near the place at which the said Fiore Dippolito was performing the duties of his employment, causing the injuries resulting in his death, and causing to his surviving wife and next of kin the damages for which claim is made. That by reason of the negligence of one Sullivan, a person in the service of the said George L. Brown and intrusted with and exercising superintendence, whose sole or principal duty was that of superintendence, the said Fiore Dippolito was injured as aforesaid, in that the said Fiore Dippolito was ordered and permitted to work in said dangerous and defective place, although the said Sullivan was aware of the defective and dangerous condition of the said place in which he ordered the said Fiore Dippolito to work."

Resolved into its elements, this document notifies defendant: (1) That he had permitted his ways, works, and machinery to become and to be in a defective and dangerous condition. (2) That one Sullivan, in the employ of defendant and intrusted with and exercising superintendence, whose sole or principal duty was that of superintendence, had been guilty of negligence, in that, being aware of the defective and dangerous condition of the place, he had ordered and permitted said plaintiff's decedent to work in said defective and dangerous place. (3) That a charge of dynamite exploded at or near the place at which said plaintiff's decedent was performing the duties of his employment, causing the injuries resulting in his death. Reducing the substance of the notice to still simpler form, it advised defendant that the plaintiff will claim that her intestate was directed to work in a dangerous place by Sullivan, a coemployé having general power of superintendence, and that while working in that place said decedent was killed by the explosion of a charge of dynamite.

There has been much discussion as to what should be set forth in a notice under the employer's liability act. It is certainly not necessary that all the facts going to establish a cause of action should be stated as they would be in a complaint. In Simpson v. Foundation Company, 201 N. Y. 479, 95 N. E. 10, the notice, after stating fully the time and place of the accident, proceeded:

"Said accident was caused by the failure of the said Foundation Company to provide proper protection for said Simpson in his employment, and as a result thereof said Simpson was struck by a bucket, which was being used for hoisting purposes, causing him to fall into a pit, whereby he sustained serious injury."

This notice was held to be insufficient for two reasons:

(1) "Because it failed to accurately describe the accident;" and (2) because it "did not notify the defendant of any cause of injury that came within the provisions of the statute."

In elaborating the deficiencies in the notice, the court pointed out that it contained no notice of any defect in the condition of the ways, works, and machinery, or of the negligence of any person exercising superintendence with the authority and consent of the employer. This defect is avoided in the present notice, which alleges, although it does

not specifically describe, a defective condition of the ways, works, and machinery, and specifically alleges negligence on the part of a co-employé charged with the duty of superintendence. This seems to bring the case within the purview of the statute.

With reference to the sufficiency of the attempted description of the cause of the accident, the court in the Simpson Case was of opinion that it failed to comply with the statute because, while it said that the plaintiff was struck by a bucket and caused to fall into a pit, it did not state what he was doing, why the bucket struck him, where he fell from, or under what circumstances he fell. "Upon reading the notice," said the court, "the employer could not tell whether something broke, or whether the accident was caused by some defect in machinery, or through careless operation, or the failure to give warning, or through any particular act of omission or commission."

Reference was made to Finnegan v. N. Y. Contracting Co., 194 N. Y. 244, 87 N. E. 424, 21 L. R. A. (N. S.) 233, and Logerto v. Central Building Co., 198 N. Y. 390, 91 N. E. 782. In the former case the immediate physical cause of the injury was not described at all, and the notice was held to be insufficient. In the Logerto Case the notice was in a stereotyped form, charging the defendant with every kind of culpable negligence, and concluding with the statement that:

"As a result of all of which certain earth, stone, and material was caused and permitted to fall upon and seriously injure me."

The court restated, as it had done in other words before, the obvious purpose of the Legislature in providing for the giving of notice, saying that it was:

"That the master should be apprised of the accident within a reasonable time after its occurrence, so that he might examine into the circumstances of its occurrence, ascertain his liability, and secure the proper evidence to sustain his defense."

It was therefore held:

"That the accident should be so identified that the master's attention is called to the exact occurrence."

Applying these considerations to the notice then under examination, the court further said:

"Whether the plaintiff was injured by the caving in of the bank, by earth falling from the boxes in which the earth excavated was moved, by accident to the derricks which elevated the boxes, suffering the material to fall, or by the foundation walls, which were being constructed, falling on him, the notice gives no intimation whatever. The most illiterate person would not have stated to another the occurrence of this accident and injury to plaintiff in the bald terms of the notice. He would have told to some extent how the occurrence happened."

The court then gave instances as to how the notice might have been framed so as to comply with the statute. Still referring to the illiterate person, it is said of his narrative:

"It might be in the most terse language that a bank in which plaintiff was digging fell down upon him; that material which was being taken out of the excavation had been suffered to fall upon him; that a wall had given way and injured him. This much, at least, should be specified in the statutory

notice, and it is imposing no unreasonable burden on the employé to require it."

In the Simpson Case, supra, the same idea was intended to be conveyed by the statement that:

"The accident should be so described that a person of ordinary intelligence, who knew nothing about it, could understand how it happened."

The vice found in the notices in the Logerto and Simpson Cases was that the statement in each case as to the cause of the injury was so general and indefinite that it would have fitted any one of a number of possible happenings, and therefore furnished no accurate information as to what it would be claimed had in fact happened. Hence the employer was afforded no real opportunity to investigate and prepare to meet the claim against him. We find no such indefiniteness as to the cause of injury in the present case. It is plainly stated that plaintiff's intestate was killed by the explosion of a charge of dynamite. That is the statement of a definite and precise cause. It is not stated how the charge came to be set off, or what the exact physical connection was between the explosion of the charge and the injury to the deceased; but in our opinion it was not necessary, especially in a death case, that the plaintiff should be required to go into these particulars in the notice of claim. He has stated one definite cause of injury, and can recover, if at all, only upon proof that that was the cause. Whether or not that cause will justify a recovery will depend upon other facts, which plaintiff will be required to prove, but which the statute does not require to be included in the notice. The notice we are considering is not a model in form, and it is perhaps a close question whether or not it is sufficient. We are of opinion, however, that it is.

The exceptions must therefore be sustained, and a new trial granted, with costs to plaintiff to abide the event. All concur.

Herbert C. Smyth, for plaintiff.
Charles Adkins Baker, for defendant.

