notice, and it is imposing no unreasonable burden on the employé to require it,."

In the Simpson Case, supra, the same idea was intended to be conveyed by the statement that:

"The accident should be so described that a person of ordinary intelligence, who knew nothing about it, could understand how it happened."

The vice found in the notices in the Logerto and Simpson Cases was that the statement in each case as to the cause of the injury was so general and indefinite that it would have fitted any one of a number of possible happenings, and therefore furnished no accurate information as to what it would be claimed had in fact happened. Hence the employer was afforded no real opportunity to investigate and prepare to meet the claim against him. We find no such indefiniteness as to the cause of injury in the present case. It is plainly stated that plaintiff's intestate was killed by the explosion of a charge of dynamite. That is the statement of a definite and precise cause. It is not stated how the charge came to be set off, or what the exact physical connection was between the explosion of the charge and the injury to the deceased; but in our opinion it was not necessary, especially in a death case, that the plaintiff should be required to go into these particulars in the notice of claim. He has stated one definite cause of injury, and can recover, if at all, only upon proof that that was the cause. Whether or not that cause will justify a recovery will depend upon other facts, which plaintiff will be required to prove, but which the statute does not require to be included in the notice. The notice we are considering is not a model in form, and it is perhaps a close question whether or not it is sufficient. We are of opinion, however, that it is.

The exceptions must therefore be sustained, and a new trial granted, with costs to plaintiff to abide the event. All concur.

---

### CASSANO v. BROWN.

(Supreme Court, Appellate Division, First Department.   December 1, 1911.)

Exceptions from Trial Term, New York County.

Action by Donato Cassano against George L. Brown. Verdict for defendant, and plaintiff moves for a new trial on exceptions ordered to be heard in the first instance at the Appellate Division. Exceptions sustained, and new trial granted.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, MILLER, and DOWLING, JJ.

Herbert C. Smyth, for plaintiff.

Charles Adkins Baker, for defendant.

PER CURIAM. For the reasons stated in Dippolito, as Administrator, v. Brown, 131 N. Y. Supp. 1021, decided herewith, the exceptions are sustained, and a new trial granted, with costs to plaintiff to abide the event.