William Martin, an Infant, by Hermine Martin, His
Guardian ad Litem, Appellant, *v.* Walker & Williams
Manufacturing Company, Respondent.

#### Master and servant — negligence of master.

The verdict of a jury established that a boy sixteen years of age was directed
by the superintendent of the factory in which he was employed to take
waste cotton used in wiping oil from a machine to the machine while it was
in motion, and before the bell rang for its stopping; that as he approached
the machine and stepped upon a platform underneath, his foot slipped on
account of oil that had dripped thereon causing him to fall forward and
thrust his hand into running machinery; that the machine was a dan-
gerous one; that it was practicable to cover it; that it was the duty of the
defendant so to do, and that if the defendant had performed its duty
in this respect the injury would not have occurred. *Held*, that such
facts justified a recovery. (*Bertolami* v. *U. E. & C. Co.*, 198 N. Y. 71,
modifying and explaining *Finnigan* v. *N. Y. Contracting Co.*, 194 N. Y.
244, followed as to sufficiency of notice of injury under Employers'
Liability Act.)

*Martin* v. *Walker & Williams Mfg. Co.*, 128 App. Div. 733, reversed.

(Argued March 23, 1910; decided April 26, 1910.)

Appeal from an order of the Appellate Division of the
Supreme Court in the third judicial department, entered
December 9, 1908, which reversed a judgment in favor of
plaintiff entered upon a verdict and an order denying a
motion for a new trial and granted a new trial.

The nature of the action and the facts, so far as material,
are stated in the opinion.

*John Scanlon* for appellant.   The notice served under the
Employers' Liability Act was sufficient compliance with the
statute. (*Hurley* v. *Olcott*, 134 App. Div. 631; *Knuffle* v.
*K. I. Co.*, 84 N. Y. 489; *Marino* v. *Lehmaier*, 173 N. Y.
538; *Leeds* v. *N. Y. T. Co.*, 64 App. Div. 484; *Dragott*
v. *Plunkett*, 113 App. Div. 648.)   When we have in mind
the testimony of defendant's witness that it was customary
in this mill to stop the machines at quarter to twelve, and
allow the help a limited time to clean the machines before the
noon hour; the fact that fly waste generally is about the mill,

and was at that time; the fact that oil was on this platform; the fact that this oil was obscured by waste; the fact that there was no receptacle to prevent the oil from dripping on the platform; the fact that a dangerous "lickerin" was near the platform uncovered, the probabilities of plaintiff's testimony and the facts were for the jury. (*Kiernan* v. *Eidlitz,* 109 App. Div. 726; *Di Stefano* v. *P. L. & R. Co.,* 107 App. Div. 294; *Kinney* v. *R. R. R. Co.,* 114 App. Div. 286; *Diamond* v. *P. M. Mfg. Co.,* 97 App. Div. 43.) Plaintiff was entitled to recover. (*Johansen* v. *Eastman Co.,* 44 App. Div. 270; 168 N. Y. 648; *Wittmyer* v. *Fairhurst,* 134 App. Div. 305; *Diamond* v. *P. M. Mfg. Co.,* 97 App. Div. 43; *Kirwan* v. *A. L. Co.,* 197 N. Y. 413.)

*M. H. Nellis* and *Andrew J. Nellis* for respondent. The notice of injury was insufficient. (*Finnigan* v. *N. Y. C. Co.,* 194 N. Y. 244.)

HAIGHT, J. This action was brought to recover damages for personal injuries. The plaintiff was a minor, sixteen years of age, in the employ of the defendant, working in its factory at Cohoes, in this state. The defendant was engaged in manufacturing cotton bats or batting, and for that purpose operated numerous machines, among which was one called the garnet machine. This machine had a big round roller upon a shaft which was operated by a belt on the side of the machine next to the aisle, and upon this roller were wires which caught into the cotton waste as it came from the feed rollers and carried it into the machine. This roller and wires were called the lickerin. Underneath and along the aisle was a platform five inches high and two and a half feet wide. This platform came up next to the machine, and the evidence tended to show that there was more or less dripping of oil from the bearings of the machine upon the inner edge of the platform. At a quarter before twelve, noon, of each day the machines of the defendant's plant were stopped, and it then became the duty of the employees to clean up and wipe up all the oil that had gathered about the machines, together

with the waste particles of cotton that had been thrown out by the operation of the machines. It was the duty of the plaintiff, after the garnet machine had stopped running, to take waste cotton and wipe the oil from the sides of the machine. On the occasion in question he gathered up the waste and took it to the machine before it had stopped running and as he stepped upon the platform his foot slipped, by reason of the oil that had dripped thereon, and he plunged forward striking his hand on to the machine in front of the lickerin and had some of his fingers and a portion of his hand crushed therein. It is his contention that the oil upon the platform was covered by the small particles of cotton that had been thrown from the machine and settled upon the platform, so that as he stepped thereon he did not observe the oil underneath, and that the lickerin of the machine was not covered. It is also his contention that the foreman of the factory had directed him to gather up the waste which he needed for cleaning and to take it to the machine before it stopped running, so that as soon as the motion of the machine stopped he could commence cleaning the machine. This contention was controverted by the testimony of the superintendent. Other evidence was given on behalf of the plaintiff tending to show that it was entirely practicable to cover the garnet machine; that other machines of the same character in another factory had been guarded for a number of years. This also was controverted by the defendant, who claimed that they had been guarded for the purpose of preventing the flying away of fine particles of cotton which would settle about the room and upon the floors and other machines.

The trial court, in submitting the case to the jury, charged that the plaintiff must satisfy them that he was free from contributory negligence which caused the injury. The judge also instructed the jury to the effect that the plaintiff had testified that he was directed by the foreman in charge of the room to obtain waste and to take it upon the platform contiguous to the machine, before the bell was rung for its stopping, and to clean the machine between 11:45 and 12 o'clock noon of

1910.]    Martin *v.* Walker & Williams Manfg. Co.    **327**

N. Y. Rep.]       Opinion of the Court, per Haight, J.

each day; that the foreman in charge had denied that he gave him such instruction, and that it became the duty of the jurors to determine who had spoken correctly with reference to the transaction, and if they found that the statement of the foreman was true that he had given him no directions to place the waste upon the platform while the machine was in motion, then their verdict should be for the defendant; but if they found that the statement of the plaintiff was correct, then it became their duty to consider the next issue presented by the evidence, and that was as to whether the defendant was guilty of negligence in its failure to comply with section 81 of the Labor Law, so called, which requires that "All vats, pans, saws, planers, cogs, gearing, belting, shafting, set screws and machinery, of every description shall be properly guarded." The verdict was for the plaintiff.

The Appellate Division has reversed, upon the grounds, as stated in the opinion, "That a reasonably prudent person could not have anticipated that a person would fall into this flywheel from the platform, or that it was at all necessary to guard the wheel; it was not an occurrence that was at all likely to happen, so that in the ordinary course of business it was necessary to guard against it." The court, however, in its order of reversal, has stated that it reversed upon the law only; that it had examined the facts and found no error therein. Under this order we are compelled, on review, to assume that all of the findings by the jury were approved by the Appellate Division, and that the reversal of the judgment and the ordering of a new trial were based upon errors of law only appearing upon the record. We thus have it established by the verdict that the plaintiff was not guilty of contributory negligence; that he was a young boy but sixteen years of age, who, prior to his arrival at that age, was absolutely prohibited by the statute from being employed or permitted to operate or assist in the operation of a dangerous machine of any kind; that he was directed by the superintendent in charge to take waste to defendant's machine while it was in motion, and before the bell had rung for its stopping, so that

he could proceed with the cleaning of the machine as soon as the bell rung and the machine stopped; and that as soon as he did approach the machine and stepped upon the platform his foot slipped, on account of the oil that had dripped thereon, causing him to fall forward and thrust his hand on to the lickerin; that the machine was a dangerous machine and that it was practicable to cover it, and that it was the duty of the defendant so to do; and had the defendant performed its duty in this respect the injury would not have occurred. These are the facts that the jury are deemed to have determined by their verdict, and these are the facts which the Appellate Division is deemed to have approved by the order which it has entered. Such being the case we are of the opinion that the facts justified a recovery.

It is quite true that accidents do happen which are so extraordinary that a careful, prudent person could not anticipate they were liable to occur. In such cases the court may be justified in disposing of them as presenting only questions of law; but ordinarily they present questions of fact or mixed questions of fact and law, and in our judgment the case under consideration falls under the latter cases. In the case of Cobb v. Welcher (75 Hun, 283) the accident was deemed most extraordinary, one which a careful, prudent person could not perceive or anticipate as liable to occur. The master had guarded the shafting at the end of the table, so that no person could slip, fall or come in contact with it. But one of the women employees, having long hair, went to the end of the table, took her hair down, straightened it out, and then bent over, throwing her hair around her head, in the act of coiling, and in doing so the end flew around underneath the table, behind the guard, and caught upon the revolving shaft. But that case was disposed of in the General Term upon both the law and the facts.

Our attention has been called to a number of exceptions taken by the defendant to the charge as made and to the refusals of defendant's request to charge. We have examined them all, but we find no error which, in our judgment,

requires a reversal of the judgment. The most important exception arises with reference to the admission in evidence that there was no cover to the machine. The plaintiff attempted to bring the action under the provisions of the Employers' Liability Act. The notice served by him, while describing the act and circumstances under which the plaintiff's hand was injured and charging negligence on the part of the defendant, neglected to specify as the ground of such negligence the failure to comply with section 81 of the Labor Law. And under our decision in *Finnigan* v. *New York Contracting Co.* (194 N. Y. 244) a serious question would have been presented as to the competency of the evidence under the notice given. But under the more recent case of *Bertolami* v. *United Engineering and Contracting Company* (198 N. Y. 71) we have to some extent modified and explained our former decision, and under the latter decision we think that the notice given was sufficient and that it fully described the cause of injury. We consequently are of the opinion that no error of law occurred upon the trial of this action calling for a reversal of the judgment.

The order of the Appellate Division should be reversed and the judgment entered upon the verdict affirmed, with costs in all courts.

CULLEN, Ch. J., GRAY, EDWARD T. BARTLETT, VANN, WILLARD BARTLETT and CHASE, JJ., concur.

Order reversed, etc.