### BECKSTEIN v. CENTRAL STAR LAUNDRY CO.

(Supreme Court, Appellate Division, Fourth Department. July 12, 1910.)

1. MASTER AND SERVANT (§ 121*)—INJURIES TO SERVANT—FAILURE TO GUARD MACHINERY.

Under Labor Law (Consol. Laws, c. 31) § 81, requiring machinery of every description to be properly guarded, a recovery could not be sustained for failure to provide a cover for the revolving basket of a laundry machine used for drying clothes, where covers were very rarely used upon such machines, and only for the purpose of keeping the dirt from the clothes rather than to protect the operator, and at the time of the accident the machine was being cleaned by plaintiff, and the putting

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

on or removal of the cover, if one had been furnished, would have been under his control.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 229; Dec. Dig. § 121.*]

2. MASTER AND SERVANT (§ 219*)—INJURIES TO SERVANT—ASSUMPTION OF RISK.
In a servant's action for injuries from having his arm caught in a machine, where there was nothing hidden about the condition or the dangers, and he knew if he got his arm caught in the machine when it was in motion he would be injured, he assumed the risk, however his arm may have gotten there, whether by his slipping, stumbling, or in any other way.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 616; Dec. Dig. § 219.*]

Spring and Kruse, JJ., dissenting.

Appeal from Trial Term, Erie County.

Action by William Beckstein against the Central Star Laundry Company. Judgment for plaintiff, and defendant appeals. Reversed, and new trial granted.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Bushnell & Metcalf and Ralph S. Kent, for appellant.
Sullivan, Bagley & Wechter, for respondent.

WILLIAMS, J. The judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide event.

The action was for negligence, brought by an employé under the employer's liability act (Consol. Laws, c. 31). In the defendant's laundry was a machine known as an "extractor," used for drying clothes. A "basket," so called, by the application of power through a shaft and belt, was made to revolve very rapidly inside the "shell," so called, of the machine. The power was turned on and off by the use of a lever, which moved the belt. The plaintiff leaned over the machine to reach the lever, and shut off the power, and stop the machine. His foot slipped, his arm went down into the basket, and was torn out at the shoulder. The verdict was $2,000.

The defendant does not seek to reverse upon the facts, but claims there was no evidence for the jury as to the negligence of the defendant or the absence of contributory negligence of plaintiff, and that the risk was assumed as matter of law upon the evidence.

First. The only ground of defendant's negligence submitted to the jury was the failure to provide a cover for the revolving basket of the machine, under section 81 of the labor law (Consol. Laws, c. 31), which provides that machinery of every description shall be properly guarded.

It does not seem to me the recovery can be sustained upon this ground. Covers are very rarely used upon such machines, and when used are for the purpose of keeping the dirt from the clothes, rather than to protect the operators from accident and injury. If there had been a cover provided for this machine, it would hardly have been upon the machine at the time this accident occurred. No clothes were in the machine at the time. It was being cleaned by the plaintiff. After

using a towel upon the inside of the basket, while it was not in motion, the plaintiff had started the machine, and brought two pails of water and thrown in it, and reached over to take hold of the lever and turn off the power, and then the accident occurred. The putting on or removal of the cover, if one had been furnished, would have been under the control of the plaintiff. It was not a fixture to remain at all times upon the basket. It would be necessary to remove it when clothes were put in and when they were taken from the basket, and when the basket was being cleaned. Would the plaintiff at the time of the accident have put the cover on before he turned off the power, and when he had stopped the machine have removed it again? It seems to me the cover would have been used, if at all, only while the machine was being operated, in the drying of clothes. It is the merest speculation to say that the plaintiff at the time of the accident would have had the cover upon the basket, and that the failure of the defendant to provide the cover was the cause of the accident. The plaintiff was cleaning the basket, when the accident occurred, and the evidence tends to show that covers, when they are provided, are not used during the process of cleaning, but only when clothes are being dried.

Second. We cannot hold that the plaintiff was guilty of contributory negligence as matter of law. That question was for the jury, upon the evidence in the case.

Third. It is difficult to avoid the conclusion that the plaintiff assumed the risk of such an accident as the one in which he received his injuries. There was nothing hidden about the conditions or the dangers. He knew there was and had been no cover. He knew if he got his arm in the basket when it was in motion he would be injured, and this, however the arm may have gotten there, whether by his slipping, stumbling, or in any other way.

McLENNAN, P. J., and ROBSON, J., concur.

KRUSE, J. (dissenting). I think that it was a question of fact whether the rapidly revolving basket of the machine in question should have been guarded. It was entirely practicable to guard the machine with a cover, and the accident would have been prevented if the cover had been furnished and used. It can hardly be said that if the cover had been furnished the plaintiff would not have used it.

The labor law requires all machinery to be properly guarded. That, of course, does not mean that every piece of shafting or set of cogs or piece of machinery must be covered. But here the plaintiff was required to work at this machine and to lean over it when in motion, in shifting the belt, and it seems to me that under all the circumstances it was a question of fact for a jury to determine whether the defendant failed in its duty in not guarding this machine. Martin v. Walker & Williams Mfg. Co., 198 N. Y. 324, 91 N. E. 798.

I think a case was made out under the employer's liability act. The notice specifically states that the machine was uncovered and unguarded, as one of the grounds of negligence. Martin v. Walker & Williams Mfg. Co., supra.

SPRING, J., concurs.