### MATCH v. POLYGRAPH PRINTING CO.

(Supreme Court, Appellate Division, Second Department.· November 24, 1911.)

MASTER AND SERVANT (§ 204*)—INJURY TO SERVANT—ASSUMPTION OF RISK.

A boy, operating a printing press, on completing his work, started to walk by the presses for orders from the foreman, and slipped on an oily spot in the floor, and his hand was caught in the uncovered gears of a press. *Held*, that he did not assume the risk arising from the failure of the master to guard the gear, as required by Labor Law (Laws 1909, c. 36 [Consol. Laws 1909, c. 31]) § 81.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 544, 546; Dec. Dig. § 204.*]

Appeal from Trial Term, Kings County.

Action by Jennie Match against the Polygraph Printing Company. From a judgment for plaintiff, and from an order denying a motion for new trial made on the minutes, defendant appeals. Affirmed.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, THOMAS, and CARR, JJ.

William A. Jones, Jr., for appellant.
Joseph Gans, for respondent.

HIRSCHBERG, J. The plaintiff has recovered a small judgment for the loss of her son's services and for medical expenses incurred by her in consequence of injuries sustained by him while in the employ of the defendant. The accident occurred at dusk on the afternoon of November 9, 1906, and resulted in the loss of two fingers of the boy's left hand. He was not quite 16 years of age at the time, but his employment then was not unlawful. He was at work in a loft, where the defendant had installed a row of mechanically operated printing presses, on one of which the boy had been working as a press feeder. The verdict of the jury establishes, on sufficient evidence, that after the boy had finished his work at the press he started to walk up the line of the presses to get further orders from the fore-

man, that it was quite dark, that an oily spot upon the floor caused him to slip, and that, instinctively putting out his hand as he was falling, the hand was caught in the uncovered gears of a press, and the fingers taken off before the press could be stopped and his hand released.

The evidence of negligence on the part of the defendant and of freedom from contributory negligence on the part of the boy seems to have been sufficient to carry the case to the jury. It is provided by section 81 of the labor law (Laws of 1909, c. 36 [Consol. Laws 1909, c. 31]) that:

"All * * * cogs, gearing, * * * set-screws and machinery, of every description, shall be properly guarded."

The appellant insists that the plaintiff's son assumed the risk incident to his employment, arising from the fact that the cogs, wheels, and gearing of the press were unguarded, by remaining in the defendant's employment with knowledge or the means of knowledge of that fact; and it relies upon a line of authorities of which Knisley v. Pratt, 148 N. Y. 372, 42 N. E. 986, 32 L. R. A. 367, is the leading case. The more recent case of Martin v. Walker & Williams Mfg. Co., 198 N. Y. 324, 91 N. E. 798, was decided at about the time of the trial herein, and would seem to be controlling in the present instance. In that case a boy, 16 years of age, approaching a machine for the purpose of wiping oil from it with waste cotton, slipped on account of oil that had dripped onto the floor therefrom. As he fell forward his hand was caught in the machinery. The court held that the machine was a dangerous one, that it was practicable to cover it, that to cover it was a part of the defendant's duty under the section of the labor law just cited, that if such duty had been discharged the injury would not have occurred, and that the facts stated justified a recovery. The court said (198 N. Y. 327, 91 N. E. 799):

"We thus have it established by the verdict that the plaintiff was not guilty of contributory negligence; that he was a young boy, but 16 years of age, who, prior to his arrival at that age, was absolutely prohibited by the statute from being employed or permitted to operate or assist in the operation of a dangerous machine of any kind; that he was directed by the superintendent in charge to take waste to defendant's machine while it was in motion, and before the bell had rung for its stopping, so that he could proceed with the cleaning of the machine as soon as the bell rung and the machine stopped; that as soon as he did approach the machine and stepped upon the platform his foot slipped, on account of the oil that had dropped thereon, causing him to fall forward and thrust his hand onto the licker-in; that the machine was a dangerous machine, and that it was practicable to cover it, and that it was the duty of the defendant so to do; and, had the defendant performed its duty in this respect, the injury would not have occurred. These are the facts that the jury are deemed to have determined by their verdict, and these are the facts which the Appellate Division is deemed to have approved by the order which it has entered. Such being the case, we are of the opinion that the facts justified a recovery."

The judgment and order should be affirmed.

Judgment and order affirmed, with costs.

JENKS, P. J., and THOMAS and CARR, JJ., concur. BURR, J., concurs in result.