FINKLE v. BOLTON LANDING LUMBER CO.

(Supreme Court, Appellate Division, Third Department. December 28, 1911.)

1. MASTER AND SERVANT (§ 129*)—INJURIES—PROXIMATE CAUSE.
    Plaintiff was employed as an edging machine tender in a sawmill, and while working caught his shoe between two nails hidden by sawdust in a defect in the floor, and in trying to prevent falling he involuntarily threw out his hand, which came in contact with a saw. *Held*,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

that the unguarded saw was one of the efficient causes without which the injury would not have occurred.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 257–263; Dec. Dig. § 129.*]

2. NEGLIGENCE (§ 61*)—PROXIMATE CAUSE—SEVERAL CAUSES.

There may be more than one proximate cause of an injury, if each of the causes was a moving cause without which the injury would not have happened.

[Ed. Note.—For other cases, see Negligence, Dec. Dig. § 61.*]

3. MASTER AND SERVANT (§ 286*)—INJURIES—JURY QUESTION—GUARDING MACHINE.

The top of a saw on which a sawmill employé caught his hand in involuntarily throwing it out to prevent falling was about 3 feet from the floor and from 12 to 16 inches from an alleyway running past the machine, and the saw could have been boxed so as not to interfere with its operation, as was done in similar mills. Held, that the propriety and necessity of guarding the saw was a question of fact for the jury in an action for the employé's injuries.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1010–1043; Dec. Dig. § 286.*]

4. MASTER AND SERVANT (§ 289*)—INJURIES—JURY QUESTION—CAUSE OF ACCIDENT.

In a sawmill employé's action for personal injuries by catching his hand on an edging saw, whether plaintiff carelessly put his hand on the saw, or involuntarily placed it thereon to keep from falling, held a jury question.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1089–1132; Dec. Dig. § 289.*]

Smith, P. J., dissenting.

Appeal from Trial Term, Warren County.

Action by Byron Finkle, an infant, by his guardian ad litem, against the Bolton Landing Lumber Company. From a judgment for defendant and an order denying plaintiff's motion for a new trial, plaintiff appeals. Reversed, and new trial granted.

Argued before SMITH, P. J., and KELLOGG, SEWELL, HOUGHTON, and BETTS, JJ.

James A. Leary, for appellant.

Lyman Jenkins, for respondent.

PER CURIAM. The plaintiff was employed by the defendant as tender to an edging machine in a sawmill. According to the testimony of plaintiff himself, while he was in the discharge of his duties, he caught his shoe between two nails hidden by sawdust in a defect in the floor, and, in endeavoring to save himself from falling, he involuntarily threw out his right hand, which came in contact with one of the saws of the edging machine, so mangling it that amputation of most of the hand became necessary. The edging machine consisted of a long table frame about 2½ feet above the floor, upon which were adjustable saws; the nearest one to the alleyway along the side being about 16 inches. The plaintiff was a young man about 18 years old, and had worked somewhat about the mill, and was ordinarily familiar with it and its machinery. The mill was designed for the

sawing of logs into lumber and was a rough, crude structure. Several witnesses testified in behalf of the defendant that the accident did not happen as claimed by the plaintiff, and that he did not catch his foot and fall, but that while standing near the saw, not attending to any work of the defendant, he carelessly let his hand come in contact with it.

We would have no hesitancy in affirming the judgment except for the fact that the learned trial court took from the jury all question with respect to the duty of the defendant to guard the saw, on the ground that its unguarded condition was not the proximate cause of the accident on the plaintiff's theory as to the manner in which it happened.

[1] The tripping of the plaintiff from the defect in the floor, if he did trip as claimed, was not necessarily the sole proximate cause of the accident. The tripping and the saw were concurring causes of the accident, and, if the accident happened as the plaintiff claims it did, each was an efficient cause without the operation of which the accident would not have happened.

[2] There may be more than one proximate cause of an accident, if each of the causes asserted can be seen to have been an efficient one without which the injury resulting would not have been sustained. Sweet v. Perkins, 196 N. Y. 482, 90 N. E. 50; Leeds v. N. Y. Tel. Co., 178 N. Y. 118, 70 N. E. 219; Johansen v. Eastmans Co., 44 App. Div. 270, 60 N. Y. Supp. 708.

[3] We do not think it can be said as matter of law that the defendant was under no duty to guard in any manner the saw upon which plaintiff was injured. The top of the saw was about 3 feet from the floor and 12 to 16 inches back from an alleyway running along the side of the machine. It was proved on behalf of the plaintiff that the saw could have been boxed in a way not to interfere with its operation, and that this was done on similar machines in other mills.

Upon the facts proven it was not for the court, as matter of law, to say that a guard was unnecessary, as was held by Wynkoop v. Ludlow Valve Co., 196 N. Y. 324, 89 N. E. 827, 30 L. R. A. (N. S.) 36, and kindred cases, upon which the respondent relies; but the propriety and necessity of such guard became a question of fact for the jury under the rules laid down in Martin v. Walker & Williams Manufacturing Co., 198 N. Y. 324, 91 N. E. 798, and Kirwan v. American Lithographing Co., 197 N. Y. 413, 90 N. E. 945, 27 L. R. A. (N. S.) 972.

[4] It was therefore a question of fact for the jury to determine whether or not, under all the circumstances, the defendant should have in some way guarded the saw, as well as whether, under all the circumstances, it was the duty of the defendant to repair the floor; and also, of course, whether the accident happened as the plaintiff claimed it did, or because of his own negligence.

For the reasons stated, the judgment and order must be reversed, and a new trial granted, with costs to the appellant to abide the event.

SMITH, P. J., dissents.