### McEWEN v. BORDEN'S CONDENSED MILK CO.

(Supreme Court, Appellate Division, Second Department. December 6, 1912.)

1. MASTER AND SERVANT (§ 129*)—INJURY TO SERVANT—PROXIMATE CAUSE.
    Plaintiff, who was nearly of age, had been in defendant's employ for about a month, and was operating a machine with unguarded gears and cogs revolving at the rate of 90 revolutions a minute. Two mechanics testified that it was practicable to guard the gears and cogs in a manner to avoid injury, without interfering with the efficiency of the machine, and one side of the machine was in fact guarded. While plaintiff was operating the machine, in going from one side of it to the other, he slipped, and his right hand fell upon the unguarded gears. *Held*, that they were the proximate cause of plaintiff's injuries.
    [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 257–263; Dec. Dig. § 129.*]

2. MASTER AND SERVANT (§ 288*)—ASSUMED RISK—KNOWLEDGE OF DANGER.
    Even if plaintiff had full knowledge of the danger involved in operating the machine in its unguarded condition, whether he assumed risk therefrom was a jury question.
    [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1005, 1068–1088; Dec. Dig. § 288.*]

3. APPEAL AND ERROR (§ 927*)—REVIEW.
    On appeal from a judgment of dismissal at the close of plaintiff's case, the courts should take the most favorable construction of the evidence which the jury might have properly placed upon it, as in case of nonsuit.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2912, 2917, 3748, 4024; Dec. Dig. § 927.*]
    Burr, J., dissenting.

Exceptions from Trial Term, Orange County.

Action by Oscar W. McEwen against the Borden's Condensed Milk Company. On plaintiff's motion for a new trial upon a case containing exceptions ordered to be heard at the Appellate Division in the first instance upon the dismissal of the complaint. Motion granted.

Argued before HIRSCHBERG, BURR, THOMAS, WOODWARD, and RICH, JJ.

John C. R. Taylor, of Middletown, for plaintiff.

Thomas M. Rowlette, of New York City (Thomas C. Rogers, of Middletown, on the brief), for defendant.

HIRSCHBERG, J. The action is to recover compensation for damages received from injuries charged to the defendant's negligence. It is brought under the Employer's Liability Act (chapter 600, Laws of 1902), and the negligence charged is violation of the requirements of section 81 of the Labor Law (chapter 36, Laws of 1909; Consol. Laws 1909, c. 31), requiring all cogs, gearing, set screws, and ma-

─────────

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

chinery of every description to be properly guarded. At the time of the accident the plaintiff, nearly of age, had been in the defendant's employment about a month at a factory in Orange county, and was then engaged in washing bottles on a machine constructed and installed for that purpose. In the operation of the machine the bottles to be washed are put on brushes on one side of the machine and are carried around and taken off on the other side. There are gears and cogs revolving at the rate of 90 revolutions a minute, and which, the evidence tends to show, were unguarded.

While the plaintiff was engaged in the performance of his duties, in going from one side of the machine to the other, he stepped on a bottle which he did not see, and which had not been placed on the floor by him, and slipping, because of that step, his right hand fell into the unguarded gears, and his thumb and a portion of the index finger were taken off. In addition to his own evidence and that of an eyewitness as to the accident, he produced two mechanics, who testified that it was practicable to guard the gears and cogs, in a manner which would have avoided any injury, without interfering with the operation or efficiency of the machine. The question presented on the appeal is whether the undisputed facts required a submission of the case to the jury.

[1] I think the uncovered gears were the proximate cause of the plaintiff's injuries, if not the proximate cause of the accident, and that under the authorities there should have been a submission to the jury. In Finkle v. Bolton Landing Lumber Co., 148 App. Div. 500, 132 N. Y. Supp. 1038, the plaintiff was employed to operate a circular saw, and, tripping over nails in the floor, he thrust his hand against the uncovered saw. It was held that the tripping and the lack of a proper guard were concurring causes of the accident, and that it was error for the court to take from the jury the question of the defendant's negligence in failing to guard the saw, on the theory that it was not the proximate cause of the accident. In Martin v. Walker & Williams Mfg. Co., 198 N. Y. 324, 91 N. E. 798, it was held that where an employé slipped on the floor by reason of oil which had dripped thereon, and the slipping caused him to fall forward and to thrust his hand into running machinery, the fact that it was practicable to cover the machinery in such a way as to prevent the injury sustained justified a recovery.

In the case at bar the machine was guarded on one side and not upon the other, and the evidence referred to tends to establish that it was entirely practicable to guard it on both sides. Had it been so guarded, the injury suffered by the plaintiff would not have been sustained. In Scott v. International Paper Co., 204 N. Y. 49, 97 N. E. 413, the Court of Appeals decided that, where it is practicable to guard a machine and danger from its remaining unguarded should be reasonably anticipated, the provisions of the Labor Law are mandatory, and that the burden of showing that it is impracticable to guard it, or that its location removes it from danger to employés, is upon the person or corporation maintaining the machine. See, also, Hart-

man v. Berlin & Jones Envelope Co., 71 Misc. Rep. 30, 127 N. Y. Supp. 187, affirmed 146 App. Div. 926, 131 N. Y. Supp. 1119, Glens Falls P. C. Co. v. Travelers' Ins. Co., 162 N. Y. 399, 56 N. E. 897, and Kirwan v. American Lithographic Co., 197 N. Y. 413, 90 N. E. 945, 27 L. R. A. (N. S.) 972, 18 Ann. Cas. 650.

[2] Assuming that the plaintiff had full knowledge of the danger involved in the operation of the machine in question in the condition in which it was, that fact would not preclude a recovery, in view of the recent decision of the Court of Appeals in the case of Fitzwater v. Warren et al., 99 N. E. 1042. In that case it would seem to have been held that public policy precludes an employé from assuming any risk which has been created by the violation of a statute on the part of his employer, and even from waiving the liability of the latter for injuries occasioned thereby. At all events, the question of the assumption of the risk must be regarded as one for the determination of the jury. Many cases are cited by the learned counsel for the respondent, but I think the facts in each are easily distinguishable from those in the one at bar. As was said by the court in Glens Falls P. C. Co. v. Travelers' Ins. Co., supra, 162 N. Y. 404, 56 N. E. 899:

"The necessity for the guard and the character and description of the guard must, of necessity, depend upon the situation, nature and dangerous character of the machinery, and in each case becomes a question of fact."

[3] The plaintiff is entitled on this review, as in a nonsuit, to the most favorable construction which the jury might properly have placed upon the evidence. Simpson v. Interborough Rapid Transit Co., 141 App. Div. 148, 125 N. Y. Supp. 997.

The exceptions of the plaintiff should be sustained and a new trial granted; costs to abide the event.

THOMAS, WOODWARD, and RICH, JJ., concur.

BURR, J. I dissent. The primary cause of plaintiff's injury was not in any way traceable to defendant's negligence. He stepped upon a bottle which some one had left upon the floor, slipped, and, in falling, thrust out his hand, and it came in contact with certain cogs upon the machine which he was operating. If it appeared that this bottle had been negligently left upon the floor near the machine by the defendant, or by any one for whose acts it was responsible, then a different question would have been presented. This primary act of negligence, in connection with the position of the cogs, would have presented a sequence of events for the results of which defendant might be liable. But there is no such evidence. Much confusion seems to have arisen by the use of the words "proximate cause" in connection with acts or omissions resulting in injury. When successive causes operate to produce a result, there can be, strictly speaking, but one of these causes which is "proximate"; that is, the one nearest in the chain of circumstances to the final event. If, instead of using the words "proximate cause," we employ the terms "primary cause" and

"secondary cause," as related to that which eventually happened, and the words "responsible cause," referring to liability therefor, perhaps we may be able to reason more clearly to an accurate conclusion. If the consequences which may directly and naturally result from his conduct are likely to prove injurious to others, a person who does a negligent, illegal, or injurious act, or who is guilty of a negligent omission of duty, may be held answerable for such consequences, although he did not intend the particular injury which followed. Vandenburgh v. Truax, 4 Denio, 464, 47 Am. Dec. 268; Scott v. Shepherd, 2 Wm. Blackstone, 892. But before such act or omission can be deemed a "responsible cause," whether it be "primary" or "secondary" in the sequence of events, the consequences must directly and naturally result therefrom. Vandenburgh v. Truax, supra; Buckley v. Gutta Percha & Rubber Mfg. Co., 113 N. Y. 540, 21 N. E. 717; Dillon v. National Coal Tar Co., 181 N. Y. 215, 73 N. E. 978; Wynkoop v. Ludlow Valve Mfg. Co., 196 N. Y. 324, 89 N. E. 827; Valentino v. Garvin Machine Co., 139 App. Div. 139, 123 N. Y. Supp. 959; Kimmerle v. Carey Printing Co., 144 App. Div. 714, 129 N. Y. Supp. 572.

In the case at bar, the evidence shows that the cogs were guarded wherever they could be deemed exposed in connection with the ordinary performance of the work, and the testimony not only fails to establish that in the ordinary use of the machine any one could have had his hand caught in the cogs, protected to the extent that they were, but the contrary affirmatively appears. Even though the burden of proof is upon defendant to show that danger should not be reasonably anticipated from an unguarded cog (Scott v. International Paper Co., 204 N. Y. 49, 97 N. E. 413), if this proof is found in plaintiff's case, it is as efficient as though introduced as part of defendant's evidence. Such is the case here. If some one had struck the plaintiff a violent blow, and in falling he had thrust his hand into the machinery, sustaining injuries, I think that defendant would not have been liable. Can it make any difference if the primary cause was the unforeseen and not to be reasonably anticipated negligence of a third person in leaving the bottle on the floor? I think that the negligence of such person was "an unusual occurrence, and not such as should have been foreseen by the defendant." Leeds v. New York Telephone Co., 178 N. Y. 118, 70 N. E. 219; Wynkoop v. Ludlow Valve Mfg. Co., supra; Kimmerle v. Carey Printing Co., supra. If that is so, the court was justified in holding as matter of law that defendant may not be charged with negligence in failing to put additional guards about the cogs to avert the consequences of such occurrence.

The cases principally relied upon by the plaintiff are, it seems to me, clearly distinguishable. In Finkle v. Bolton Landing Lumber Co., 148 App. Div. 500, 132 N. Y. Supp. 1038, the primary cause of the injury was the negligent act of the defendant in leaving the floor in a defective condition by reason of projecting nails, over which plaintiff tripped. In Martin v. Walker & Williams Mfg. Co., 198 N. Y. 324, 91 N. E. 798, the primary cause was defendant's negligence in directing plaintiff to work about moving machinery when the adjacent

floor was slippery from oil, instead of waiting, as was usually done, until the machinery had stopped, and the oily, slippery substance had been removed. In view of the close proximity of the defective floor to the unguarded machinery, a question of fact arose for the jury whether defendant should not reasonably have anticipated dangerous consequences following its act of negligence in permitting such floor to be in an unsafe and defective condition. In Hartman v. Berlin & Jones Envelope Co., 71 Misc. Rep. 30, 127 N. Y. Supp. 187, affirmed 146 App. Div. 926, 131 N. Y. Supp. 1119, the plaintiff slipped while lifting a barrel in the ordinary performance of his work, apparently by reason of the necessary effort employed therein, and not from any extraneous cause. In the case at bar, plaintiff's slipping was not in the course of the ordinary performance of his work and without an extraneous cause, but was the result wholly of the negligent act of some third person for which defendant was not responsible.

I think that plaintiff's exceptions should be overruled, and judgment in favor of the defendant should be entered upon the nonsuit, with costs.