### BASEL v. ANSONIA CLOCK CO.

(Supreme Court, Appellate Division, Second Department. November 28, 1913.)

1. MASTER AND SERVANT (§ 121*)—MASTER'S DUTY—MACHINERY—"PROPERLY GUARDED."

A machine "properly guarded," within the meaning of the Labor Law (Consol. Laws 1909, c. 31), is one guarded against accidents which may reasonably be expected to occur, or which in the exercise of reasonable care the master should have anticipated.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 228–231; Dec. Dig. § 121.*]

2. MASTER AND SERVANT (§ 286*)—PERSONAL INJURIES—QUESTION FOR JURY—GUARDS.

Where a machine, guarded to some extent, was not guarded sufficiently to prevent the hand of plaintiff's fellow servant, when it slipped, from striking the lever causing the plunger to descend and injure plaintiff, the master's negligence was a question for the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1001, 1006, 1008, 1010–1015, 1017–1033, 1036–1042, 1044, 1046–1050; Dec. Dig. § 286.*]

Thomas, J., dissenting.

Appeal from Trial Term, Kings County.

Action by Philip Basel against the Ansonia Clock Company. From a judgment for plaintiff, and from an order denying a motion for new trial, defendant appeals. Affirmed.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and RICH, JJ.

Allan E. Brosmith, of New York City, for appellant.

Hugo Hirsh, of Brooklyn, for respondent.

BURR, J. [1] A machine "properly guarded," within the meaning of the requirements of the Labor Law (Consol. Laws 1909, c. 31), is a machine guarded against accidents which may be reasonably expected to occur, or which in the exercise of reasonable care the master should have anticipated were likely to occur.

[2] While the machine in this case was guarded to an extent, it was not guarded sufficiently to prevent the hand of plaintiff's fellow servant, when it slipped, from coming in contact with the lever and causing the plunger to descend, with injurious consequences to plaintiff. In view of the evidence that articles from time to time fell to the floor, which it was necessary for some one to pick up, we think that it was a question of fact for the jury, rather than of law for the court, as to the master's duty in the premises. McEwen v. Borden's Condensed Milk Co., 154 App. Div. 185, 138 N. Y. Supp. 844. While the jury might well have found a verdict for defendant, it reached an opposite

---

conclusion, and we do not feel justified in setting its conclusion aside as against the weight of the evidence.

The judgment and order appealed from should be affirmed, with costs. All concur, except THOMAS, J., dissents.

---

(82 Misc. Rep. 319.)

### In re KLINGEL.

(Surrogate's Court, Kings County. October, 1913.)

1. WILLS (§ 656*)—CONSTRUCTION.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1546–1550; Dec. Dig. § 656.*]

2. WILLS (§ 657*)—CONSTRUCTION—DEVISEES.

Where a husband and wife by their joint will declared that their property, in case of the death of both in an accident or the death of the survivor without opportunity to make a will, should go to named individuals, the devisees were entitled to take only in event of happening of the contingency, and could not take where the husband survived his wife for more than two years.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1551, 1552; Dec. Dig. § 657.*]

3. WILLS (§ 666*)—CONSTRUCTION—STATEMENTS OF TESTATOR.

Where a husband and wife made joint wills, and the surviving husband repeatedly declared that all of his property was devised to named devisees, that fact will not entitle the devisees to take, where they were entitled only in the event of a contingency which never happened.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 1570; Dec. Dig. § 666.*]