### KIMMERLE v. CAREY PRINTING CO.

(Supreme Court, Appellate Division, Second Department. December 31, 1913.)

MASTER AND SERVANT (§ 129*)—INJURIES TO SERVANT—PROXIMATE CAUSE— UNGUARDED MACHINERY.

Where a servant not engaged in operating a printing press slipped and was injured when his arm passed within its unguarded frame, the absence of the guard was the proximate cause of the injury, and the master cannot escape liability because the servant was not near the machine to operate it.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 257–263; Dec. Dig. § 129.*]

Appeal from Trial Term, Kings County.

Action by George Kimmerle against the Carey Printing Company. From a judgment for plaintiff and an order denying its motion for new trial, defendant appeals. Affirmed.

See, also, 145 App. Div. 940, 130 N. Y. Supp. 1116.

Argued before JENKS, P. J., and BURR, THOMAS, RICH, and STAPLETON, JJ.

Frank V. Johnson, of New York City, for appellant.
Frederick S. Martyn, of Brooklyn (Harry E. Lewis, of Brooklyn, on the brief), for respondent.

THOMAS, J. The plaintiff slipped and his arm passed within the frame of a printing press, where it was injured by an actuating shoe

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

which was unguarded and which extended to and in some part slightly beyond the frame of the press. Thirteen of seventeen presses then operated by the defendant had guards over the shoe, which, if used upon the machine in question, would have prevented the injury. The absence of the guard was a proximate cause of the injury, and it is immaterial that the plaintiff was not in proximity to the machine for the special purpose of operating it, or that the shoe was practically within the frame.

The judgment and order should be affirmed, with costs, on the authority of Welch v. Waterbury Co., 206 N. Y. 522, 100 N. E. 426; Martin v. Walker & Williams Manfg. Co., 198 N. Y. 324, 91 N. E. 798; McEwen v. Borden's Condensed Milk Co., 154 App. Div. 185, 138 N. Y. Supp. 844; and Basel v. Ansonia Clock Co. (Sup.) 144 N. Y. Supp. 434. All concur.